1

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF HAWAII

 3
     UNITED STATES OF AMERICA,    ) CRIMINAL NO. 17-00104JMS
 4                                )
              Plaintiff,          ) Honolulu, Hawaii
 5                                ) August 21, 2018
         vs.                      )
 6                                ) STATUS CONFERENCE
     (1) LEIHINAHINA SULLIVAN,    )  RE: TRIAL DATE
 7                                )
              Defendant.          )
 8   _____)

 9
                        TRANSCRIPT OF PROCEEDINGS
10          BEFORE THE HONORABLE J. MICHAEL SEABRIGHT
                CHIEF UNITED STATES DISTRICT JUDGE
11
     APPEARANCES:
12
       For the Government:      REBECCA ANN PERLMUTTER, ESQ.
13                              Office of the United States Attorney
                                PJKK Federal Building
14                              300 Ala Moana Blvd., Suite 6100
                                Honolulu, Hawaii  96850
15

16     For the Defendant:       CRAIG W. JEROME, ESQ.
                                Office of the Federal Public Defender
17                              PJKK Federal Building
                                300 Ala Moana Blvd., Rm 7-104
18                              Honolulu, Hawaii  96850

19

20     Official Court           Cynthia Fazio, RMR, CRR, CRC
       Reporter:                United States District Court
21                              300 Ala Moana Blvd., C-270
                                Honolulu, Hawaii  96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

```
 1   TUESDAY, AUGUST 21, 2018                              9:59 A.M.
 2             THE COURTROOM MANAGER:  Criminal Number 17-00104JMS,
 3   United States of America versus Leihinahina Sullivan.
 4             This case has been called for a status conference re
 5   trial date.
 6             Counsel, please make your appearances for the record.
 7             MS. PERLMUTTER:  Good morning, Your Honor.  Rebecca
 8   Perlmutter representing the United States.
 9             THE COURT:  Yes.
10             MR. JEROME:  And good morning, Your Honor.  Assistant
11   Federal Defender Craig Jerome on behalf of Leihinahina
12   Sullivan.  Ms. Sullivan is not present.  I'd ask to waive her
13   presence for today's hearing.
14             THE COURT:  All right.  So we're having sort of a
15   status conference to discuss trial date.  I assume you're ready
16   for trial any time now, Mr. Jerome; is that right?  That was
17   meant to be humorous for the record, I want to be clear.
18             MR. JEROME:  I think it comes to the surprise of no
19   one that I'm not going to be ready by September 25th for trial
20   given the volume of the discovery in this case and the fact
21   that there's I think 59 counts.  So...
22             THE COURT:  So what are you looking at, what are your
23   thoughts?
24             MR. JEROME:  You know, realistically I think I would
25   need probably at least six months from now to get ready to go
```

1    to trial.  I understand that the Court has a very busy schedule
2    coming up.
3               THE COURT:  Of course that does not impact speedy
4    trial considerations.
5               MR. JEROME:  No.  We're willing to waive whatever
6    speedy trial to whatever date we can sort of come to an
7    agreement today.  I mean I'm thinking at least six months,
8    which puts us in February or March.
9               THE COURT:  Well, I mean my thought is that we don't
10   need to pick a date today.  Ms. Perlmutter, I'm happy to hear
11   from you and then I'll let you two do a stipulation after you
12   consult and talk to Ms. Mizukami and that way you can really
13   sort of look carefully at schedule and so forth.  You know, if
14   I have a problem with a particular date and that impacts the
15   decision, we can get back together, but, you know, I think we
16   can do this -- I mean unless you guys have some ideas right now
17   and you want to try to set something, but --
18              MR. JEROME:  Not -- I mean I don't have anything
19   particularly in that -- that time of year.  As of right now I
20   don't really have anything set.  So it's really what's more
21   convenient for the Court and the U.S. Attorney's Office.
22              We've been speaking -- you know, I've been speaking to
23   Ms. Perlmutter.  Apparently she has a case that may go to trial
24   in February.  So -- I mean I don't have anything set that I
25   think is going to trial that time of year.

```
 1              THE COURT:  What do you have in February?
 2              MS. PERLMUTTER:  It's actually before Your Honor.
 3    There's a case with the lead case agent February 12th that we
 4    have, it's assigned to AUSA Nammar right now, but we have every
 5    indication that's going to go.  That's the only thing that we
 6    were trying to just work around.
 7              THE COURT:  Okay.  How long will that trial last?
 8              MS. PERLMUTTER:  Two weeks I think.  Try to pare it
 9    down to under ten days.
10              THE COURT:  But Mr. Nammar is going to be doing that
11    trial?
12              MS. PERLMUTTER:  Mr. Nammar and maybe me, Your Honor.
13    But the bigger issue is it's the same case agent who's the only
14    case agent.
15              THE COURT:  Oh, I see.  I missed that.  I'm sorry.
16    Okay.  All right.
17              Tell you what, why don't you two talk, work through
18    those issues, talk to Ms. Mizukami and do a stipulation.
19              What I do though, however, Mr. Jerome, want is your to
20    client to sign off on this --
21              MR. JEROME:  That's fine.
22              THE COURT:  -- as well.  And I'll tell you why.
23    Because, you know, obviously the Sixth Amendment comes into
24    play and I want the stipulation to reflect that as well,
25    particularly after a year has passed in the Ninth Circuit, I
```

```
 1   believe that, you know, you sort of stand up a little bit more
 2   and take a look at Sixth Amendment and speedy trial rights as
 3   opposed to just the Speedy Trial Act.  So I want the
 4   stipulation not only to include the dates and so forth, but
 5   also to reflect the waiver of the right under the speedy trial,
 6   the reasons for that and the Sixth Amendment waiver and then
 7   have your client specifically sign that as agreeing to that so
 8   there's no question that she knew about it, Mr. Jerome.
 9           MR. JEROME:  That's fine.
10           THE COURT:  Okay.
11           MR. JEROME:  No, I've talked to my client about all of
12   this.
13           THE COURT:  Okay.  So I'm happy to waive her presence,
14   but normally if she was here I'd go through that with her today
15   but because she's not here I want her to sign off.
16           MR. JEROME:  Okay.
17           THE COURT:  Okay?  The other issue though I have is,
18   do you believe there will be any motions in this case or you
19   don't know, Mr. Jerome, at this stage?
20           MR. JEROME:  From talking to Ms. Sullivan I think
21   there are probably going to be motions, pretrial motions in
22   this case.
23           THE COURT:  Because I don't want to set those in the
24   normal course, just so you know, in a case of this complexity
25   because in the normal -- normally the motions deadline is set
```

1  based on the 70-day speedy trial clock when the case is
2  initially set for some reason in this district.  Then when we
3  get these long continuances we always push that motions date
4  right up against the trial date using that same framework as we
5  do on the initial setting, which doesn't make much sense to me.
6  I mean I'm complaining about my own court, but it's something
7  I've never taken any real, you know, action about other than
8  case by case to say that makes no sense to me in a case of this
9  complexity that we have motions briefed one month before the
10 trial starts, which would be the normal schedule, right?
11         So I'd want the motions filed and have everything in
12 at least two months before the trial date.  Okay.  So you folks
13 can work on that, what those schedules look like.
14         MR. JEROME:  Okay.  That's fine.
15         THE COURT:  You know, when you work out your
16 stipulation.  But I don't want the normal motions.  I'm not
17 talking about Motions in Limine now, I'm talking about if there
18 are some substantive motions.
19         MS. PERLMUTTER:  Yes, Your Honor, I would agree with
20 that.
21         THE COURT:  And, you know, you folks can work about a
22 schedule that works for both of you.  Normally the government
23 has two weeks; is that right, Ms. Perlmutter?
24         MS. PERLMUTTER:  Approximately.
25         THE COURT:  I think that's right.

```
 1                    (Court and clerk conferring.)
 2              THE COURT:  No, no, the government's response is
 3   normally two weeks after the -- yeah.  So it's normally six
 4   weeks before trial the defense has to file and then two weeks
 5   later you respond.  That requires, especially if there's an
 6   evidentiary hearing, for me to set aside everything essentially
 7   to get that on calendar, which can be difficult.  And given the
 8   complexity of this case that makes no sense to me.
 9              MR. JEROME:  That makes sense, Your Honor.
10              THE COURT:  And, you know, so talk to Ms. Perlmutter,
11   you could maybe extend her deadline to three weeks.  You know,
12   get a date, give her three weeks and then I would want at least
13   two months before the trial date to get those resolved.  Okay?
14              MS. PERLMUTTER:  Yes, Your Honor.  I mean the
15   government would agree that resolving any substantive motions
16   well ahead of trial, particularly in this case, could lead to
17   discussions or realistic discussions.
18              THE COURT:  And, you know, that's fine.  Whatever, you
19   know, Mr. Jerome thinks.  If he does.  He may, you know, look
20   at it and say not -- decides not to, but he may file motions.
21   And if so, you know, I think we all need the time to get those
22   resolved and then prepare for trial.
23              In a case of this complexity, you want to know the
24   resolution of those motions well in advance of a week before
25   trial, which would be the --
```

```
 1                  MR. JEROME:  Yeah.
 2                  THE COURT:  -- the normal case, right?  And I don't
 3     know if you would be seeking to have all counts dismissed or
 4     only some, you know, Mr. Jerome, but regardless, it makes no
 5     sense not to schedule this such that you get the motions
 6     resolved and you both know what those are, then you start
 7     preparing for trial, if the motions don't resolve the case
 8     altogether.
 9                  MR. JEROME:  Okay.
10                  THE COURT:  Okay?
11                  MR. JEROME:  And that may impact the -- my thoughts
12     about when the trial date should be, too, because obviously
13     that means we're going to have to get through discovery before
14     we file the motions.
15                  THE COURT:  Right, and that's why you two should talk
16     about what that would look like.  Like when that full discovery
17     can get to you.
18                  MR. JEROME:  I think I have everything so far, it's
19     just there's a lot of it.
20                  THE COURT:  Okay.  Well, and you need to sort of
21     figure out the time you're going to need, exercising due
22     diligence but also understanding your own schedule, to get
23     through all that and to make a determination as to what motions
24     you can file, you know.  I want to set a realistic trial date
25     to the extent possible given the age of this case.
```

```
 1              MR. JEROME:  No, that makes sense.  I don't want to
 2   set something that's not realistic.
 3              THE COURT:  Right.
 4              MR. JEROME:  And then have to come back and ask to
 5   move.
 6              THE COURT:  Right.  Okay?
 7              MS. PERLMUTTER:  Yes.
 8              THE COURT:  All right.  If for some reason you can't
 9   agree, I'm sure you two can, but if for some reason you can't,
10   you know, we can get back together.  But let's do it by way of
11   stipulation, particularly your client is not here, I really do
12   want her to sign off on it.  It should be a stipulation and
13   order continuing trial and excluding time under the Speedy
14   Trial Act and waiving Six Amendment rights, okay.  I want that
15   to be clear and then I want that in the stip and order and her
16   to sign off on it.
17              MR. JEROME:  Okay.  Thank you.
18              THE COURT:  Okay?  Once you get dates.  And work with
19   Ms. Mizukami obviously --
20              MS. PERLMUTTER:  Yes, Your Honor.
21              THE COURT:  -- to the extent necessary for my
22   schedule.  All right.  Anything else then?
23              MR. JEROME:  Nothing from the defense, Your Honor.
24              MS. PERLMUTTER:  Nothing from the government, Your
25   Honor.
```

```
 1            THE COURT:  All right.  Thank you all.
 2            MS. PERLMUTTER:  Thank you.
 3            (The proceedings concluded at 10:08 a.m.,
 4   August 21, 2018.)
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                  COURT REPORTER'S CERTIFICATE
 2
 3          I, CYNTHIA FAZIO, Official Court Reporter, United
 4   States District Court, District of Hawaii, do hereby certify
 5   that pursuant to 28 U.S.C. §753 the foregoing pages is a
 6   complete, true, and correct transcript of the stenographically
 7   reported proceedings held in the above-entitled matter and that
 8   the transcript page format is in conformance with the
 9   regulations of the Judicial Conference of the United States.
10
             DATED at Honolulu, Hawaii, May 28, 2019.
11
12
13                         /s/ Cynthia Fazio
                           CYNTHIA FAZIO, RMR, CRR, CRC
14
15
16
17
18
19
20
21
22
23
24
25
```