IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 17-cr-00104-JMS-1 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S OCTOBER 25, 2019 MOTION TO RECUSE JUDGE SEABRIGHT** |
| v. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

On October 25, 2019, Defendant Leihinahina Sullivan filed a "Motion to Recuse Judge Seabright Showing A Constitutional Risk-of-Bias Considering All of the Circumstances & New Evidence to Show There is an Intolerable Risk of Bias" ("the motion"). Dkt. No. 281. On November 4, 2019, Sullivan supplemented the motion with additional materials (collectively, "supplements"). Dkt. Nos. 298-299. Pursuant to Local Rule 7.1(c), the Court elects to decide the motion without a hearing. For the reasons discussed below, the motion is DENIED because, contrary to Sullivan's contentions, none of the reasons she presents as requiring recusal demonstrate a potential risk of bias.

## THE MOTION AND SUPPLEMENTS

Liberally construing the motion, including its supplements, Sullivan appears to assert the following reasons why Judge Seabright should be recused from this

case: (1) he read a substantive ex parte motion filed by the government, which purportedly disclosed new charges the government may bring against Sullivan; (2) he appointed an attorney to represent Sullivan as stand-by counsel, and the attorney has "compromised" Sullivan's case; (3) he decided that Sullivan could not appeal her prior attempts to disqualify him from this case; (4) he has "prejudged" Sullivan; and (5) he has allowed an "IRS Agent" to "harass[]" Sullivan and her family. The Court addresses each of these arguments below.

## **DISCUSSION**

First, Sullivan fails to provide any explanation as to how or why the reading of an ex parte motion has caused Judge Seabright to be something other than fair and impartial. The referenced ex parte motion, dated January 4, 2018, related to the government's appeal of an order granting Sullivan bail. Notably, Judge Seabright not only recused himself from the government's bail appeal, *see* Dkt. No. 56, but also had the ex parte motion stricken from the case, *see* Dkt. No. 59, and ordered it to be produced to defendant, *see* Dkt. No. 281 at 2. In addition, after being assigned to a different judge, the government's bail appeal was denied in all material respects. *See* Dkt. No. 86.[1] This course of events demonstrates,

---

[1] Specifically, the government's appeal was granted by Judge Leslie Kobayashi to the extent that the assigned Magistrate Judge was instructed to hold a hearing on imposing additional conditions of release, but denied to the extent that Sullivan's release was not revoked. Dkt. No. 86.

if anything, evident impartiality, not partiality adverse to Sullivan. To the extent Sullivan is attempting to suggest that, after reading the ex parte motion, Judge Seabright's subsequent decisions over the past 20 months have been somehow affected in a manner adverse to her, as discussed further below, there is simply no evidence of that in Sullivan's submissions.

Second, Sullivan fails to explain how the appointment of Criminal Justice Act (CJA) counsel, Richard Gronna, represents bias on Judge Seabright's part. Sullivan asserts that Judge Seabright "hand selected" Gronna, and Gronna subsequently "compromise[ed]" an earlier motion for recusal. As for the latter assertion, the actions Gronna has taken (or not taken) since his appointment are simply not ascribable to Judge Seabright. Otherwise, every judge who appoints an attorney in a criminal case would be required to consider recusal when a defendant is displeased with the attorney's performance. As for the former assertion, the record reflects that the assigned Magistrate Judge, not Judge Seabright, appointed Gronna pursuant to the CJA. *See* Dkt. No. 222. Even if Judge Seabright had a hand in Gronna's selection, there is nothing improper about him doing so. Attorney Gronna is a member of this Court's CJA Panel and, as such, must have significant experience with criminal procedural, evidentiary, and sentencing rules, and, once appointed, must conform to the highest standards for

3

professional conduct. There was, thus, no impropriety or bias in Gronna's appointment.[23]

Third, contrary to Sullivan's assertion, Judge Seabright has <u>never</u> entered an order preventing her from appealing one of his decisions, including the order Sullivan relies upon. In that order, Dkt. No. 272, Judge Seabright merely explained that he retained jurisdiction over this case despite Sullivan's filing of two interlocutory notices of appeal. That much was explained to Sullivan in a subsequent EO that Judge Seabright entered. *See* Dkt. No. 283 ("As a matter of clarification, this court did not, and cannot, enter an order not allowing defendant to file a notice of appeal to the Ninth Circuit."). As a result, this argument presents no cause to suggest any form of bias on Judge Seabright's part.

Fourth, Sullivan fails to explain how Judge Seabright has "prejudged" her in this case. Sullivan cites an exhibit that she has attached to the motion, Exhibit R-7. According to Sullivan, this exhibit shows that "Judge Seabright prejudges people like in the case of Katherine Kealoha where he prejudged her to be Alison

---

[2]The Court notes that one of the supplements, Dkt. No. 299, is dedicated to Gronna's purported "compromising" of Sullivan's case that extends beyond any single decision or event.
[3]The Court further notes that, in the supplement discussed in the preceding footnote, Sullivan appears to request a "subpoena for audio tape" of a conversation between her and one of her former attorneys. Dkt. No. 299 at 1-2. Pursuant to the orders referring this recusal motion, Dkt. Nos. 285, 290, the undersigned only has jurisdiction to rule on the arguments pertaining to Judge Seabright's alleged bias. To the extent Sullivan seeks, through her recusal motion, criminal discovery, she must file a separate motion for such relief.

4

Lee Wong...." Motion at 5 (quotation marks omitted), Dkt. No. 281. To be clear, the exhibit does not show that Judge Seabright "prejudges" anyone, including Sullivan. The exhibit, Dkt. No. 281-7, shows, at most, that Katherine Kealoha was charged *by the government* as having the alias of "Alison Lee Wong," *id*. at 2.[4] It does not evidence a judgment or decision by Judge Seabright of anything.

Fifth, in one of the supplements, Dkt. No. 298, Sullivan asserts that an Internal Revenue Service Agent, Mark MacPherson, has "harass[ed]" Sullivan, her neighbors, and her family. Sullivan asserts that Judge Seabright is aware of MacPherson's conduct but has done "nothing" about it. *Id*. at 2.[5] From what the Court can discern, the "evidentiary" basis for Sullivan's harassment contention is herself. She appears to be citing to her own comments from earlier court proceedings that have not been supported by anyone, including by the neighbors and family to whom she refers. Moreover, even if the Court was willing to assume that Judge Seabright was aware of MacPherson's alleged conduct and

---

[4]The Court adds that the business card in the exhibit is, contrary to Sullivan's assertion, not that of Alison *Lee* Wong, but, rather, that of Alison Wong. *See* Dkt. No. 281-7 at 1.
[5]In support of the contention that Judge Seabright is "aware" of MacPherson's conduct, Sullivan cites a page in a supplemental response she filed to a government motion for sanctions. Dkt. No. 298 at 2 (citing Dkt. No. 246 at 8). The government motion, however, was referred to a Magistrate Judge, Dkt. No. 196, and, on September 24, 2019, the Magistrate Judge terminated the same, Dkt. No. 250. In this light, it is far from clear whether Judge Seabright was "aware" of the information disclosed in Sullivan's supplemental response.

5

opted to do "nothing" about it, as Sullivan has been told before, judicial rulings, whether adverse or not, are "almost never" a basis for finding bias. *See* 10/4/2019 Order Denying Motion to Reconsider Denial of Motion to Recuse Judge Seabright at 5 (quotation and citation omitted), Dkt. No. 259. That is equally so here.[6]

Finally, Sullivan asserts that all of the above arguments should be considered together, and, when doing so, they represent a "probability of unfairness" in this case. Sullivan's "totality of the circumstances" approach is silly. None of her claims individually has any merit and grouping them does not alter that fact.

The motion to recuse Judge Seabright, Dkt. No. 281, is DENIED.

IT IS SO ORDERED.

DATED: November 6, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

[6] The Court notes that, one of the two exhibits attached to Sullivan's relevant supplement, Dkt. No. 298-2, is difficult to read because the margins are cut-off. From what the Court can decipher, the exhibit does not provide any support for the proposition that MacPherson has harassed Sullivan or her family because the exhibit simply has nothing to do with Sullivan. The only other exhibit offered in support, Dkt. No. 298-1, fares little better. It is a partially redacted copy of the government's ex parte motion, Dkt. No. 51, discussed *supra*, which includes a report of investigation prepared by IRS investigators. The exhibit documents an IRS interview of a third-party witness to Sullivan's tax preparation activities, not harassment.