IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEIHINAHINA SULLIVAN,<br><br>Defendant. | CR. NO. 17-00104 JMS-KJM<br><br>ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S MOTION TO DISMISS FOR LACK OF PROVIDING DISCOVERY FOR THE LAST THREE (3) YEARS, ECF NO. 256 |

## ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S MOTION TO DISMISS FOR LACK OF PROVIDING DISCOVERY FOR THE LAST THREE YEARS, ECF NO. 256

### I. INTRODUCTION

Before the court is Defendant Leihinahina Sullivan's ("Sullivan") September 30, 2019 "Motion to Dismiss for Lack of Providing Discovery for the Last Three (3) Years." ECF No. 256 (the "Motion to Dismiss").[1] In her Motion to Dismiss, Sullivan claims that her Constitutional and statutory rights to discovery have been violated by the United States, and thus seeks dismissal of the third superseding indictment against her. Because the court finds that there is

---

[1] The United States filed an opposition to the Motion to Dismiss on October 31, 2019, ECF No. 288, and Sullivan filed replies on November 12, 2019 and November 18, 2019. ECF Nos. 318, 336. The court held a hearing on December 9, 2019.

insufficient evidence that Sullivan has been denied discovery, the motion is DENIED.

## II. **BACKGROUND**

On February 17, 2017, a federal grand jury returned an eleven-count indictment against Sullivan that charged seven counts of false claims pursuant to 18 U.S.C. § 287; two counts of wire fraud pursuant to 18 U.S.C. § 1343; and two counts of aggravated identity theft in violation of 18 U.S.C § 1028A. ECF No. 1. Sullivan made her initial appearance on February 24, 2017, and was represented by retained counsel William Harrison. ECF No 8.

The federal grand jury then returned a fifty-five count first superseding indictment against Sullivan on November 8, 2017 that charged 22 counts of wire fraud pursuant to 18 U.S.C. § 1344; two counts of mail fraud pursuant to 18 U.S.C. § 1341; 21 counts of false claims pursuant to 18 U.S.C. § 287; six counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A; and four counts of money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i). ECF No. 27.

On March 28, 2018, the federal grand jury returned a 59-count second superseding indictment against Sullivan that charged 24 counts of wire fraud pursuant to 18 U.S.C. § 1344; two counts of mail fraud pursuant to 18 U.S.C.

§ 1341; 22 counts of false claims pursuant to 18 U.S.C. § 287; six counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A; four counts of money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i); and one count of obstructing an official proceeding pursuant to 18 U.S.C. § 1512(c)(2).  ECF No. 95.

William Harrison withdrew as Sullivan's counsel on July 13, 2018, and Assistant Federal Public Defender Craig Jerome was appointed as new counsel.  ECF No. 128.  On December 13, 2018, Mr. Jerome's motion to withdraw as counsel was granted by the court, and CJA counsel Megan Kau was appointed to represent Sullivan on December 14, 2018.  ECF Nos. 154-55.

On July 25, 2019,  the federal grand jury then returned a 60-count third superseding indictment ("TSI") against Sullivan that charged 24 counts of wire fraud pursuant to 18 U.S.C. § 1344; two counts of mail fraud pursuant to 18 U.S.C. § 1341; 21 counts of false claims pursuant to 18 U.S.C. § 287; six counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A; four counts of money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i); two counts of obstructing an official proceeding pursuant to 18 U.S.C. § 1512(c)(2); and one count of Hobbs Act extortion pursuant to 18 U.S.C. § 1951.  ECF No. 188.  No further indictments have been returned by the grand jury.

Defendant then sought removal of Megan Kau as counsel and to represent herself pro se.  The court held a *Faretta* inquiry on September 6 and 11,

2019, and approved of her request to proceed pro se. ECF Nos. 229, 236. CJA counsel Richard Gronna was appointed as standby counsel on September 11, 2019, and on October 25, 2019 Sullivan moved to dismiss Richard Gronna as standby counsel. ECF Nos. 236, 280.[2]

Prior to filing the Motion to Dismiss on September 30, 2019, neither Sullivan's three defense counsel nor Sullivan (appearing pro se) had filed a motion to compel discovery. Nonetheless, Sullivan now claims that the United States has been withholding discovery since 2017, and makes a number of unrelated allegations[3] in an apparent effort to support her motion.

### III. ANALYSIS

Federal Rule of Criminal Procedure 16 "grants criminal defendants a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Specifically, under Rule 16(a)(1)(E), the government must, upon request,[4]

---

[2] On November 8, 2019, and after the instant Motion was filed, the court granted Sullivan's motion to dismiss Richard Gronna and appointed Richard L. Hoke as standby counsel. ECF Nos. 310, 312.

[3] For example, Sullivan states that the IRS case agent was denied a promotion and then challenged that denial within the IRS. From these facts, she then appears to draw an unwarranted and bizarre conclusion that "for Sullivan it has been the same for the last three (3) years," and that the agent is misusing his position to commit "fraud on the court." Mot. at 9, ECF No. 256 at PageID #2195. To be clear, there is no evidence presented to support any claim of fraud (other than Sullivan's own conclusory statements) in the instant motion, and the court will not address her otherwise unsupported theories.

[4] Pursuant to Criminal Local Rule 16.1, "[r]equests for discovery required by Fed. R. Crim. P. 16 are entered for the defendant by this rule so that the defendant need not make any further requests for such discovery."

4

turn over any documents within the government's possession, custody, or control that: are material to preparing the defense; the government intends to use in its case-in-chief; or was an item obtained from or belongs to the defendant. The defendant "must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183-84 (9th Cir. 2013) (quoting *Stever*, 603 F.3d at 752).

Under Federal Rule of Criminal Procedure 16(d)(2), if a party fails to comply with its discovery obligation, the court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Although Rule 16(d)(2) provides a "broad allowance to prescribe any sanction that is 'just,'" *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012), any sanction should not be "harsher than necessary to accomplish the goals of Rule 16," *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983), or "disproportionate to the conduct of counsel," *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987). If sanctions are appropriate, the court should typically consider three factors: "(1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a

result of the delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Yagi*, 2013 WL 10570994, at *16 (N.D. Cal. Oct. 17, 2013) (quoting *United States v. Brown,* 592 F.3d 1088, 1090 (10th Cir. 2009)).

Throughout her motion, Sullivan claims that the government has withheld discovery since the inception of her case.[5] To support her claim, she cites in excess of fifteen docket entries. Mot. at 4, ECF No. 256 at PageID #2190. But none of these citations reflects a motion to compel discovery. Instead, at best, they reflect various discussions about discovery, including, for example, whether a protective order is necessary before discovery is produced and Sullivan's view (expressed several times) that the government tampered and/or altered some discovery documents. But Sullivan has never demonstrated—that is, provided actual proof beyond conclusory allegations—that the government has failed to provide discovery or that the government has tampered with any evidence. And attached as Exhibit 1 to its opposition, ECF No. 288-1, the government has produced a discovery production log. *Cf. United States v. Boyjian*, 2016 WL 225724, at *2-3 (C.D. Cal. Jan. 19, 2016) (denying defendant's motion to compel where defendant presented no evidence beyond his own conclusory statements that

---

[5] Further, Sullivan claims, the denial of discovery has had a "ripple [e]ffect of other Constitutional violations" such as her right to a speedy trial; right to effective assistance of counsel; right to be free from unreasonable searches, and a right to bail. Mot. at 2-3, ECF No. 256 at PageID #2188-89. Because the court finds no discovery violations, it does not address these alleged "ripple effects."

the government had withheld discoverable material to which defendant was entitled).

Further, the government has represented that it has provided discovery materials to Sullivan, including additional material since the filing of the Motion to Dismiss. For example, Sullivan claims (again, without any proof) that the government has failed to provide the contents of evidence seized (which Sullivan describes as consisting of nine boxes) during the execution of a June 2016 search warrant. But the United States has represented that it has provided full discovery of items seized during the execution of that warrant. In short, the court is unaware of any specific discovery to which Sullivan is entitled that the government has failed to produce.

Further, even if the government has been late or dilatory in discovery production, as Sullivan also argues, dismissal of the TSI is not an appropriate remedy. Any sanction under Rule 16 should not be "harsher than necessary to comply with the goals of Rule 16." *Gee*, 695 F.2d at 1169. Dismissal of the TSI, based on the record before the court, would be wholly inappropriate.

Sullivan also appears to claim that the United States has violated its obligation to provide her with exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, "the prosecution has an obligation, imposed by the Due Process Clause, to produce evidence favorable to an accused

7

upon request . . . where the evidence is material either to guilt or to punishment. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Cano*, 934 F.3d 1002, 1022 (9th Cir. 2019) (internal citations and quotation marks omitted). Favorable evidence includes impeachment evidence. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

Further, disclosure under *Brady* "must be made at a time when disclosure would be of value to the accused." *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988), quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985); *see also United States v. Browne*, 829 F.2d 760, 765 (9th Cir. 1987) (rejecting challenge to tardy *Brady* disclosure where defense counsel was able to make "effective use" of the evidence.); *Tennison v. City & Cty. of San Francisco*, 570 F.3d 1078, 1093 (9th Cir. 2009)

Again, Sullivan simply makes a bare assertion that the government has failed to disclose *Brady* evidence, but provides no support for her bare assertion. That is, the court is unaware of any exculpatory information that the government is refusing, or has refused, to disclose.[6]

---

[6] Although somewhat unclear, during the December 9, 2019 hearing, Sullivan appeared to claim that the United States was withholding certain "device ID numbers" relating to her computers and the filing of income tax returns. Again, the United States represented that full discovery has been provided, including discovery relating to "device ID numbers."

Finally, Sullivan's claim of prosecutorial misconduct in the motion is likewise lacking in any detail, and certainly cannot support the relief she seeks based on her claim of a lack of discovery.

In short, Sullivan has failed to prove that the government has violated its obligation to provide discovery under Rule 16 or its constitutional obligation under *Brady*. Her Motion to Dismiss is thus DENIED.

## IV. CONCLUSION

Based on the foregoing, Sullivan's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 10, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM, Order Denying Defendant Leihinahina Sullivan's Motion to Dismiss For Lack of Providing Discovery For the Last Three (3) Years, ECF No. 256