IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS-KJM |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT, ECF NO. 255 |
| vs. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT, ECF NO. 255**

## I. INTRODUCTION

Defendant Leihinahina Sullivan ("Defendant") moves to dismiss all charges against her based on alleged violation of the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, et seq. ECF No. 255 (the "Motion"). For the reasons discussed below, the Motion is GRANTED in part and DENIED in part. There is no STA violation as to counts 29, 47, 48, and 59 of the Second Superseding Indictment (which are reasserted as counts 28, 46, 47, and 58 in the Third Superseding Indictment) and counts 21, 23, 24, 26, 59, and 60 of the Third Superseding Indictment. That is, there is no STA violation as to counts 21, 23, 24, 26, 28, 46,

47, 58, 59, and 60 of the Third Superseding Indictment (which includes counts

that were newly-asserted in the Second Superseding Indictment and reasserted in

the Third Superseding Indictment, and counts that were newly-asserted in the

Third Superseding Indictment).  The Government concedes that the STA is

violated as to all other counts and they are DISMISSED without prejudice.

## II. <u>BACKGROUND</u>

**A.    Factual Background**

Defendant first appeared for arraignment and plea to the Original

Indictment on February 24, 2017, at which time trial was set for April 25, 2017.

ECF No. 8.  The parties then stipulated to continue trial and to toll time under the

STA from April 25, 2017 through December 12, 2017.  ECF Nos. 17, 19, 25.

A First Superseding Indictment was returned by the grand jury on

November 8, 2017.  ECF No. 27.  At the November 13, 2017 arraignment and

plea, Defendant's then-counsel William Harrison, the Assistant United States

Attorney ("AUSA"), and the magistrate judge engaged in the following discussion

regarding resetting the trial date:

> MR. HARRISON:  And, Your Honor, the Government
> and the Defendant have spoken previously to this hearing
> and because of substantial discovery we anticipate going
> through, we're asking for additional time on the
> superseding indictment until the week of March 26th, but
> actually it would be a trial date of March 28, because it's
> a holiday that week.

> THE COURT:  Very well.  Ms. Permutter, is that—
>
> [THE AUSA]:  The Government's in agreement, Your Honor.
>
> THE COURT:  Okay.  All right.  May we have some deadlines?

Tr. at 3:2-12, ECF No. 450 at PageID #4790.  The magistrate judge then set trial for March 28, 2018.  *See id.* at 3:13-14, ECF No. 450 at PageID #4790.  Neither the parties nor the court discussed tolling time under the STA, and no order (written or oral) tolled time under the STA from December 12, 2017 through March 28, 2018.

Then, on February 28, 2018, the parties stipulated to continue trial and toll time under the STA from March 28, 2018 through August 21, 2018.  ECF No. 93.

On March 28, 2018, a Second Superseding Indictment was returned by the grand jury.  ECF No. 95.  During the April 5, 2018 arraignment and plea, Defendant's counsel again asked for a new trial date, stating his belief that Defendant was entitled to an additional thirty days.[1]  The magistrate judge agreed and set trial for September 25, 2018:

---

[1] The assumption that Defendant was entitled to an additional thirty days appears to be based on 18 U.S.C. § 3161(c)(2), which provides that trial "shall not commence less than thirty days from the date on which the defendant first appears . . . ."  As discussed in more detail later in this order, this assumption was incorrect.  *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985); *United States v. Low*, 452 F. Supp. 2d 1036, 1042-43 (D. Haw. 2006).

MR. HARRISON: . . . Your Honor, Ms. Sullivan has received a copy of the second superseding indictment in this matter, would waive a public reading of the charge, enter a plea of not guilty and, obviously, ask the matters be reset for trial. I think we have 30 days additional time that we were entitled to, and we're going to request that, Your Honor.

THE COURT: All right. The court will enter a plea of not guilty for and on behalf of Ms. Sullivan to the second superseding indictment. And let's see, this is set for trial August the 21st. And, Mr. Harrison, you wanted the additional 30 days?

MR. HARRISON: Yes, Your Honor.

THE COURT: Okay. [AUSA], any objection to that?

[THE AUSA]: The 30 days from August 21st, Your Honor?

THE COURT: Yeah.

[THE AUSA]: No objection.

THE CLERK: Jury selection/jury trial, September 25, 2018, at 9:00 a.m., before Judge Seabright. . . .

MR. HARRISON: Thank you, Your Honor.

THE COURT: Will that work?

MR. HARRISON: That's fine.

THE COURT: Okay. Very well. Well, then we'll go with the new trial setting pursuant to Defendant's request. . . .

Tr. at 2:14-3:18, ECF No. 451 at PageID #4808-09. Again, neither the parties nor

the court discussed tolling time under the STA, and no order (written or oral)

tolled time under the STA from August 21, 2018 through September 25, 2018.

During an August 21, 2018 status conference, the court again

continued trial, tolled time under the STA from September 25, 2018 through April

30, 2019, and directed the Government to prepare a stipulation, which was filed on

February 7, 2019. ECF Nos. 137, 159. Pursuant to a sixth stipulation (entered

February 7, 2019) and two court orders (issued May 2, 2019 and June 21, 2019),

trial was again continued, and time was again tolled under the STA from April 30,

2019 to January 22, 2020. ECF Nos. 160, 167, 181. On July 25, 2019, a Third

Superseding Indictment was returned by the grand jury. ECF No. 188. And

following the July 29, 2019 arraignment and plea, trial remains set for January 22,

2020. *See* ECF No. 197.

## B.    Procedural Background

Defendant filed the instant Motion on September 30, 2019. ECF No.

255. The Government filed its Opposition on November 1, 2019. ECF No. 291.

On November 8, 2019, this court issued an order identifying "December 12, 2017

to March 28, 2018" and "August 21, 2018 to September 25, 2018" as "periods of

time for which the parties did not request, and the court did not make, findings

pursuant to [18 U.S.C.] § 3161(h)(7) tolling time for purposes of the STA" and

5

directing the parties to submit supplemental briefing. ECF No. 313. Defendant

filed supplemental briefs on November 19, 25, and 27, and December 2, 3, and 6,

2019, addressing the Government's Opposition and/or in response to the court's

November 8 order. ECF Nos. 344, 365, 374-75, 395, 399, 427. The Government

filed a supplemental brief on November 29, 2019. ECF No. 386. A hearing was

held on December 17, 2019.

## III. <u>DISCUSSION</u>

At issue is whether the periods of time from December 12, 2017 to

March 28, 2018 and August 21, 2018 to September 25, 2018, or any portions

thereof, are excludable under the STA.[2] Concluding that portions of those times

are not excludable and that the STA was violated, the court then addresses which

---

[2] At the August 21, 2018 status conference, this court directed counsel to obtain Defendant's signature on the stipulation to continue trial from September 25, 2018 to April 30, 2019. *See* ECF No. 170 at PageID #1577. Defendant contends that because she did not sign the stipulation, failure to exclude the period from September 25, 2018 to April 30, 2019 violates her constitutional right to a speedy trial. *See* ECF No. 255 at PageID #2183-84. Defendant is mistaken. First, although the court directed counsel to obtain Sullivan's signature, her signature was not required as a matter of law. *See, e.g.*, *United States v. Krouse*, 2009 WL 537494, at *4 (C.D. Cal. Mar. 3, 2009) ("Even absent defendant's consent, counsel's stated need for trial preparation in the stipulation provided the Court an adequate factual basis for ["ends of justice"] finding."). Second, despite the court's instruction, Defendant was represented by counsel who signed the stipulation to exclude the period of September 25, 2018 to April 30, 2019. Because Defendant is bound by her counsel's actions, her claim fails. *See United States v. Guerra de Aguilera*, 600 F.2d 752, 753 (9th Cir. 1979) ("Litigants are generally bound by the conduct of their attorneys, absent egregious circumstances."); *United States v. Gallardo*, 773 F.2d 1496, 1505-06 (9th Cir. 1985) (rejecting violation of STA claim where defendant's counsel requested trial continuances and stipulated to facts supporting exclusion of time under the STA); *Robles-Castro v. Ryan*, 2017 WL 741147, at *7 (D. Ariz. Jan. 31, 2017) (finding that because his defendant's counsel failed to assert claim of speedy trial violation, defendant waived such claim) (citing *Guerra de Aguilera*).

counts must be dismissed and whether dismissal should be with or without prejudice.

## A.     STA Legal Standard

Under the STA, a criminal trial must commence "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court is which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Time may be tolled under the STA, thereby allowing continuances of the trial date, for various reasons including when the court "find[s] that the ends of justice served by [granting a continuance] . . . outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Time is not excludable under § 3161(h)(7)(A), however, "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for [an] ends of justice [finding]." *Id.*; *see Zedner v. United States*, 547 U.S. 489, 507 (2006) ("[W]ithout on-the-record findings, there can be no exclusion under § 3161(h)[(7)].").

The STA sets forth factors a court must consider in determining whether to grant a § 3161(h)(7)(A) "ends of justice" continuance. *See id.* § 3161(h)(7)(B)(i)-(iv). And because the STA requires a court to weigh consideration of the public's interest in a speedy trial, neither a defendant's waiver

of the STA nor agreement by the parties alone is sufficient to support an "ends of justice" finding.  *See Zedner*, 547 U.S. at 500-01.

In addition, time is automatically tolled from speedy trial calculation pursuant to § 3161(h)(1)(D), for delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," and § 3161(h)(1)(H), for "any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  *See United States v. Sutter*, 340 F.3d 1022, 1027 (9th Cir. 2003) ("Exclusion of pre-trial motion delay is automatic."), *opinion amended on denial of reh'g*, 348 F.3d 789 (9th Cir. 2003); *see also Henderson v. United States*, 476 U.S. 321, 329-32 (1986) (distinguishing pre-trial motions that require a hearing from those that do not, and holding that courts must read § 3161(h)(1)(D) and (H) together in determining what periods of delay are tolled for each type of pre-trial motion).

**B.      December 12, 2017 to March 28, 2018**

During the November 13, 2017 arraignment and plea, Defendant's counsel represented to the court that the parties anticipated substantial discovery and agreed to continue trial to the week of March 26, 2018.  The AUSA confirmed her agreement to a trial continuance and without further comment, the

magistrate judge set a new trial date of March 28, 2018.  ECF No. 450 at PageID #4790.

The Ninth Circuit has held that although a court need not "recite specific statutory language to satisfy § 3161(h)(7)(A) . . . its reasoning [must be] sufficient to justify excluding the continuance from the [STA's] seventy-day limit."  *United States v. McCarns*, 900 F.3d 1141, 1145 (9th Cir. 2018).  A court's "ends of justice" finding is sufficient where the record shows that the court considered the requisite § 3161(h)(7)(B) factors and continued trial based on applicable factors.  *See id.* (citation omitted).

Here, the record does not include findings by the magistrate judge that "the ends of justice served by granting the continuance" from December 12, 2017 to March 28, 2018 "outweigh the public's and defendant's interests in a speedy trial."  *Zedner*, 547 U.S. at 498-99.  Nor does the record show that the magistrate judge considered the requisite factors, let alone continued trial based on those factors.  Rather, the record shows only that upon confirming that the parties were in agreement, the magistrate judge set a new trial date.  On such a thin record, this court finds that the period from December 12, 2017 to March 28, 2018 is not excluded from speedy trial calculation pursuant to § 3161(h)(7)(A).  *See id.* at 498-99; *McCarns*, 900 F.3d at 1145.

But other provisions of the STA toll portions of this period. On November 21, 2017, the Government filed a pre-trial motion for evidentiary hearing regarding bail review and for revocation of pre-trial release. ECF No. 37. On December 22, 2017, the court held an evidentiary hearing, and that same day, issued an order denying the Government's motion for revocation of pre-trial release. ECF Nos. 45, 46. Thus, the period from November 21, 2017 to December 22, 2017 is automatically tolled from speedy trial calculation pursuant to § 3161(h)(1)(D).

In addition, on January 4, 2018, the Government appealed the order denying its motion for revocation of pre-trial release. ECF No. 48. The appeal was heard on February 12, 2018, and an order was issued on February 14, 2018. ECF Nos. 84, 86. The order directed the magistrate judge to hold a further hearing, which occurred on February 22, 2018, regarding modification of Defendant's conditions of pre-trial release. ECF Nos. 86, 91. The period from January 4 to February 12, 2018 is automatically tolled from speedy trial calculation pursuant to § 3161(h)(1)(D). The period from February 12 to February 22, 2018 is automatically tolled from speedy trial calculation pursuant to § 3161(h)(1)(H).[3]

---

[3] In addition, there are overlapping periods subject to tolling. The period from January

(continued . . . )

## C.     August 21, 2018 to September 25, 2018

The Government concedes, correctly, that because Defendant was not entitled to a thirty-day continuance of the trial date based on the Second Superseding Indictment, the period from August 21, 2018 to September 25, 2018 generally is not excludable for purposes of the STA.  *See* ECF No. 386 at PageID #3961; *see also Rojas-Contreras*, 474 U.S. at 234 ("Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment."); *Low*, 452 F. Supp. 2d at 1042-43 ("[A] court may not rely on Section 3161(c)(2) as the basis for excluding time from the speedy trial period when a superseding indictment is filed[.]"); *cf. Zedner*, 547 U.S. at 500 ("[T]he [STA] demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h).").

However, one day, from September 18 to 19, 2018 is automatically tolled pursuant to § 3161(h)(1)(H)—the time during which a pre-trial motion (Sullivan's sealed ex parte motion, ECF No. 138) was under advisement by the court (order on motion, ECF No. 141).

---

5, 2018, when the Government filed a motion for protective order, ECF No. 55, to February 15, 2018, when a hearing was held, ECF No. 87, would also be automatically tolled pursuant to § 3161(h)(1)(D).  And pursuant to § 3161(h)(1)(H), the period from February 15 to 20, 2018, when the magistrate judge issued an order granting the motion and a protective order was filed, ECF Nos. 88, 89, would also be automatically tolled.

**D.     STA Calculations**

"Charges in a superseding indictment not required to be joined with the original charges come with a new seventy-day clock under the Speedy Trial Act." *United States v. Thomas*, 726 F.3d 1086, 1091 (9th Cir. 2013). But the filing of a superseding indictment does not impact STA calculations for offenses charged in the original indictment and reasserted in the superseding indictment or for new charges that are required to be joined with those in the original indictment. *Id.*; *see United States v. Karsseboom*, 881 F.2d 604, 606 (9th Cir. 1989). Charges that are "required to be joined" are those that the Double Jeopardy Clause of the Constitution requires be tried together. *Thomas*, 726 F.3d at 1091 (citations omitted).

The "same-elements" test established in *Blockburger v. United States*, 284 U.S. 299 (1932), applied in the double jeopardy context, is used to determine whether new charges are required to be joined with charges from prior indictments. This test provides that two offenses are separate if they both require "proof of an additional fact which the other does not." *United States v. Garlick*, 240 F.3d 789, 794 (9th Cir. 2001) (quoting *Blockburger*, 284 U.S. at 304); *see also Lemke v. Ryan*, 719 F.3d 1093, 1099 (9th Cir. 2013).

Nor does the filing of a superseding indictment invalidate an existing court order excluding time under the STA. *See, e.g.*, *Sylvester v. United States*,

110 F. Supp. 3d 738, 749 (E.D. Mich. 2015) (finding that where the court excluded a period of time under the STA and a superseding indictment was filed prior to the end of that period, the speedy trial clock did not restart until after the time previously excluded had run), *aff'd*, 868 F.3d 503 (6th Cir. 2017); *cf. United States v. Fabian*, 798 F. Supp. 2d 647, 672-73 (D. Md. 2011) (rejecting argument that an existing court order excluding time under the STA does not apply to new counts charged in a superseding indictment).

Applying these principles and the court's findings regarding time tolled pursuant to the STA, the court sets forth the following speedy trial calculations, calculating the time based on the time elapsed applicable to each indictment.

### 1. *Original Indictment*

Sixty days under the STA clock (with no tolling) elapsed from Sullivan's February 24, 2017 initial appearance until April 25, 2017. Time from April 25, 2017 through December 12, 2017 is excluded from the STA clock pursuant to § 3161(h)(7)(A) based on the first, second, and third stipulations (ECF Nos. 17, 19, 25). And time from December 12 to 22, 2017 is automatically tolled from the STA clock pursuant to § 3161(h)(1)(D) based on the filing of a pre-trial motion (ECF No. 37) through the hearing/order on that motion (ECF No. 46).

The STA clock restarted on December 22, 2017.  Another 13 days elapsed from December 22, 2017 to January 4, 2018, bringing the total time elapsed to 73 days.  Because more than 70 total days have elapsed, the STA is violated as to offenses charged in the Original Indictment.[4]  And during the December 17, 2019 hearing, the Government conceded that the STA was violated based on the untolled period from December 22, 2017 through March 28, 2018.

### 2.  *First Superseding Indictment*

A new STA clock began on November 13, 2017 for charges newly asserted in the First Superseding Indictment.[5]  The period of time from November 13, 2017 through December 22, 2017 was already excluded from this STA clock however, pursuant to § 3161(h)(7)(A) and § 3161(h)(1)(D), as set forth above.

Thirteen days under the STA clock elapsed from December 22, 2017 through January 4, 2018.

Time from January 4, 2018 through February 22, 2018 is automatically tolled from the STA clock pursuant to §§ 3161(h)(1)(D), (H) as set forth above.

---

[4] Once more than 70 days have elapsed for a particular indictment, the court stops its STA calculation for that indictment.

[5] Because the STA is violated for all counts charged in the First Superseding Indictment, the court need not determine whether any of the newly-asserted counts are required to be joined with reasserted counts from the Original Indictment and are therefore barred from a new STA clock.

Thirty-four days under the STA clock elapsed from February 22, 2018 to March 28, 2018, bringing the total elapsed time under the STA clock to 47 days.

Time from March 28, 2018 through August 21, 2018 is excluded from the STA clock pursuant to § 3161(h)(7)(A).

Thirty-four days from August 21, 2018 to September 25, 2018 elapsed under the STA clock,[6] bringing the total time elapsed under the STA to 81 days. Because more than 70 total days had elapsed, the STA was violated as to all offenses charged in the First Superseding Indictment. And during the December 17, 2019 hearing, the Government conceded that the STA was violated based on untolled time between December 22, 2017 and March 28, 2018, and between August 21, 2018 and September 25, 2018.

### 3. *Second Superseding Indictment*

A new STA clock began on April 5, 2018 for charges newly asserted in the Second Superseding Indictment.[7] Time from April 5, 2018 through August 21, 2018 was already excluded from this STA clock, however, pursuant to

---

[6] Although there are 35 days between August 21, 2018 and September 25, 2018, pursuant to § 3161(h)(1)(H), one day, from September 18 to September 19, 2018, is tolled under the STA.

[7] Charges newly asserted in the Second Superseding Indictment include count 29 (false claim in violation of 18 U.S.C. § 287), counts 47 and 48 (wire fraud in violation of 18 U.S.C.

(continued . . .)

§ 3161(h)(7)(A).

Thirty-four days elapsed from August 21, 2018 to September 25, 2018 (35 days less the one day tolled) under the STA clock.[8]

Time from September 25, 2018 through January 22, 2020 is excluded from the STA clock pursuant to § 3161(h)(7)(A). *See* ECF Nos. 159, 160, 167, 181.

Thus, 36 days remain under the STA clock for counts 29, 47, 48, 59 that were newly charged in the Second Superseding Indictment.

///

///

---

§ 1343), and count 59 (obstruction in violation of 18 U.S.C. § 1512(c)(2)). The court concurs with the Government's assessment that false claims and obstruction counts are separate offenses and would not be required to be joined for double jeopardy purposes with any of the other asserted charges. *See* ECF No. 386 at PageID #3964-65.

And based on the law below, the court finds that counts 47 and 48 of the Second Superseding Indictment are not required to be joined with previously asserted wire fraud charges. *See United States v. Gardner*, 65 F.3d 82, 85 (8th Cir. 1995) (applying the *Blockburger* test and holding that multiple counts of mail fraud "are separately prosecutable despite the presence of only one general scheme" because "it is not the plan or scheme that is punished, but rather each individual use of the mails in furtherance of that scheme"); *see also Garlick*, 240 F.3d at 793-94 (applying the *Blockburger* test in the context of determining whether charges are multiplicitous and holding that "each use of the wires constitutes a separate violation of the wire fraud statute," even though "each count . . . revolved around the same scheme to defraud"); *United States v. Jefferson*, 674 F.3d 332, 367 (4th Cir. 2012), *as amended*, (explaining that "§ 1343 criminalizes each wire transmission in furtherance of a single fraud scheme").

[8] Time from September 18 to 19, 2018 is automatically tolled from the STA clock pursuant to § 3161(h)(1)(H), as set forth above.

### 4.    *Third Superseding Indictment*

A new STA clock began on July 29, 2019 for charges newly asserted in the Third Superseding Indictment.[9]  Time from July 29, 2019 through January 22, 2020 is excluded from the STA clock pursuant to § 3161(h)(7)(A).  *See* ECF Nos. 167, 181.  Thus, no time has elapsed under the STA clock as to offenses newly charged in the Third Superseding Indictment.  And, as set forth above, 36 days remain as to offenses reasserted in the Third Superseding Indictment that were newly asserted in the Second Superseding Indictment.[10]

Based on the foregoing, because newly-asserted counts are subject to a new speedy trial clock, *see Thomas*, 726 F.3d at 1091; *Karsseboom*, 881 F.2d at 606, and because the court has already excluded time through January 22, 2020, *see* ECF No. 181, the court finds that the STA is not violated as to counts 21, 23, 24, 26, 28, 46, 47, 58, 59, and 60 of the Third Superseding Indictment.  The STA is violated as to all other counts and thus these other counts must be dismissed.

---

[9] Charges newly asserted in the Third Superseding Indictment include counts 21, 23, 24, and 26 (false claims in violation of 18 U.S.C. § 287), count 59 (obstruction in violation of 18 U.S.C. § 1512(c)(2)), and count 60 (extortion in violation of 18 U.S.C. § 1951).  The court concurs with the Government's assessment that these counts are separate offenses and would not be required to be joined for double jeopardy purposes with any of the other charges asserted in the Third Superseding Indictment.  *See* ECF No. 386 at PageID #3964-65.

[10] Counts 29, 47, 48, and 59 from the Second Superseding Indictment were reasserted as counts 28, 46, 47, and 58 in the Third Superseding Indictment.

Accordingly, counts 21, 23, 24, 26, 28, 46, 47, 58, 59, and 60 of the Third Superseding Indictment remain pending, and all other counts are DISMISSED.

## E. Dismissal is Without Prejudice

Although a STA violation requires the dismissal of the indictment upon the defendant's motion, 18 U.S.C. § 3162(a)(2), whether to dismiss with or without prejudice rests within the discretion of the district court, and the STA "does not prefer one remedy to the other." *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010) (citing *United States v. Taylor*, 487 U.S. 326, 335 (1988)).

District courts consider three factors, "among others," in deciding whether to dismiss with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Prejudice to the defendant is a factor for the court to consider. *Lewis*, 611 F.3d at 1179 (citing *Taylor*, 487 U.S. at 334-35).

///

///

///

As to the first factor, there is no doubt that the charges against Sullivan are extremely serious.[11]  The Third Superseding Indictment contains 60 counts—of which this order dismisses 50, including 22 counts of wire fraud pursuant to 18 U.S.C. § 1343, two counts of mail fraud pursuant to 18 U.S.C. § 1341, 16 counts of false claims pursuant to 18 U.S.C. § 287, six counts of aggravated identity theft pursuant to 18 U.S.C. § 1028A(a)(1), and four counts of money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i).  ECF No. 188.  In short, the offenses dismissed as charged in the Third Superseding Indictment are serious and weigh in favor of dismissal without prejudice.

As to the second factor, the facts and circumstances of the case leading to the STA violation and dismissal weigh heavily in favor of dismissal without prejudice.  When weighing this factor, courts consider "whether the delay resulted from 'prosecutorial bad faith,' whether there was 'any attempt to take advantage of the delay,' and whether 'defendant can show a pattern of negligence on the part of the United States Attorney's Office.'"  *Sylvester*, 868 F.3d at 512 (quoting *United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000)); *see also United States v. Worthy*, 772 F.3d 42, 46 (1st Cir. 2014) (examining "blame" for

---

[11] "The strength of the allegations and of the evidence against a defendant is irrelevant to this factor."  *United States v. Koerber*, 813 F.3d 1262, 1275 (10th Cir. 2016).

the delay when analyzing second factor); *Koerber*, 813 F.3d at 1277 (examining "culpability of the conduct leading to delay" when analyzing the second factor).

Here, each continuance leading to the STA violation was sought by defense counsel, and the need for those continuances clearly appear to have been based on additional time needed by defense counsel to prepare for trial. First, at the November 13, 2017 arraignment on the First Superseding Indictment, defense counsel informed the magistrate judge that the parties jointly were requesting additional time due to the need to provide discovery. Although never stated in open court before the magistrate judge, it is obvious based on the record that both the defense and the Government recognized that more time would be required, given the complexity of the case, for the defense to obtain discovery, review that discovery, and prepare for trial. In short, this continuance was both requested by and benefitted the defense. And then during the April 5, 2018 arraignment on the Second Superseding Indictment, defense counsel requested an additional thirty days.[12] Based on this record, the court concludes that both requests for continuance were sought by defense counsel and approved given the complexity and needs of the case.

---

[12] It appears that defense counsel, the AUSA, and the court all mistakenly believed that the return of the First Superseding Indictment automatically entitled Defendant to an additional thirty days. Regardless of this error, it is clear that Defendant, not the Government, sought this additional time.

Given this record, the court concludes that the violations of the STA were technical. That is, defense counsel sought more time to prepare this complex matter for trial (a reason that would easily have met the criteria to toll time under 18 U.S.C. § 3161(h)(7)), but apparently neither the government, the defense, nor the court considered the need for the court to make specific findings to toll time under the STA.

Further, there is simply no evidence of bad faith by the Government as to the STA violation, nor any evidence that the Government sought to take advantage of the delay. And, although over a decade ago, District Judge Alan C. Kay found a similar STA violation by the United States Attorney's Office, *see Low*, 452 F. Supp. 2d at 1042-43, the court has not been presented with any evidence of any pattern of neglect. At most, the AUSA was sloppy, and perhaps negligent, in not requesting the magistrate judge make appropriate findings to toll time under the STA.[13] In short, because: 1) there is no evidence that the Government acted in bad faith; 2) the defense requested the continuances that resulted in the STA violations; and 3) the violations were technical, this factor weighs in favor of dismissal without prejudice. *United States v. Medina*, 524 F.3d 974, 981-82 (9th Cir. 2008).

---

[13] The court does caution the Government, however, that further violations of the STA (whether in this case or others) may be sufficient for a court to find a pattern of negligence such that this factor would weigh in favor of dismissal with prejudice.

The third factor, the impact of a reprosecution on the administration of the STA and the administration of justice, also weighs (albeit only slightly) in favor of dismissal without prejudice in this case.[14]  Here, the court examines whether the delay caused by the government was intentional, the prejudice suffered by the defendant, and the length of delay.  *See Koerber*, 813 F.3d at 1285; *Sylvester*, 868 F.3d at 512.

There is no evidence that the Government intentionally caused any delay; the defense, not the Government, sought the continuances resulting in the STA violations.  Further, although Sullivan, who is presently in custody,[15] may be prejudiced by delay in the proceeding, she has demonstrated no actual prejudice to her case.[16]  That is, there is no evidence before the court of any lost evidence, or that any witnesses have left the country, died, or are no longer available to testify at trial.  Finally, although there is some delay caused by the STA violation, the delay is certainly not prolonged.  *See Taylor*, 487 U.S. at 340 ("The longer the

---

[14] Obviously, because this case has not proceeded to trial, there will be no retrial.  *See Worthy*, 772 F.3d at 47.  The court thus focuses its analysis on the impact of a possible reindictment of the administration of the STA and the administration of justice.

[15] Sullivan was not initially detained, but was taken into custody prior to the July 29, 2019 arraignment and plea.

[16] In passing the STA, Congress clearly intended prejudice to the defendant to be a factor for a court to consider in determining whether to dismiss an indictment with or without prejudice based on a STA violation.  *See Taylor*, 487 U.S. at 333.  Some courts appear to consider prejudice as a stand-alone factor, while others consider it as part of the third statutory factor.  Regardless, the court finds prejudice to Defendant to be minimal in this case.

delay, the greater the presumptive or actual prejudice to the defendant . . . .").  In short, the delay in this case was not so great as to weigh in favor of dismissal with prejudice.

Considering the totality of these factors, the court dismisses without prejudice the following counts in the Third Superseding Indictment: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 25, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57.

Dismissal without prejudice is not without sanctions—the Government will be unable to seek reindictment of many dismissed counts as barred by a five-year statute of limitations.[17]  But at the December 17, 2019 hearing, the AUSA stated that the Government may seek to reindict some of the dismissed and time-barred charges, but under a different statute—that is, under Title 26 which carries a six-year, not five-year, statute of limitations.  *See* 26 U.S.C. § 6531.  To the extent that the Government intends to proceed as such, the court is unlikely to permit the Government to avoid the sanction of dismissal without prejudice—that is, solely for purpose of any superseding indictment addressing the dismissal of the fifty counts of the Third Superseding Indictment,

---

[17] As stated by the Supreme Court, "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds."  *Taylor*, 487 U.S. at 342.

the court is providing notice that it would likely dismiss any counts of a new indictment that charges the same alleged conduct (as charged in the Third Superseding Indictment and dismissed by this order) under a different statute with a longer statute of limitations. The Supreme Court has recognized that dismissal without prejudice does in fact sanction the government because it "exposes the prosecution to dismissal on statute of limitation grounds." *Taylor*, 487 U.S. at 342. The court is thus unlikely to permit the Government to end-run this sanction by charging the same conduct under a Title 26 offense.

To be clear, this order does not prohibit the government from seeking a further superseding indictment that recharges the dismissed counts not barred by the statute of limitations, or that might contain additional or different charges than those contained in the Third Superseding Indictment—the court recognizes that, under separation of power principles, a court cannot generally prevent the Government from seeking a superseding indictment that alleges new or different charges.[18] But, for the purpose of recharging specific counts dismissed without prejudice by this order, it is unlikely the court would permit the Government to avoid the sanction of dismissal without prejudice by proceeding on a further

---

[18] The court is not suggesting that the Government does in fact intend to seek an indictment that charges conduct beyond that charged in the Third Superseding Indictment. Instead, the court is simply expressing its understanding of the separate roles of the executive and judicial branches.

24

superseding indictment based on the same conduct and acts as those charged in the Third Superseding Indictment, but charged under a different statute for the purpose of extending the statute of limitations.

## IV.  CONCLUSION

Based on the foregoing, the court finds that the Speedy Trial Act was violated in part.  Thus, Defendant's Motion to Dismiss for Violation of the Speedy Trial Act, ECF No. 255, is GRANTED in part and DENIED in part.  Counts 21, 23, 24, 26, 28, 46, 47, 58, 59, and 60 of the Third Superseding Indictment remain pending.  Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 25, 27, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 of the Third Superseding Indictment are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS, Order Granting In Part and Denying In Part Defendant's Motion To Dismiss For Violation of the Speedy Trial Act, ECF No. 255