IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS-KJM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO SUBPOENA FOR PRETRIAL MOTIONS HEARINGS, ECF NO. 352 |
| vs. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

## ORDER DENYING MOTION TO SUBPOENA FOR PRETRIAL MOTIONS HEARINGS, ECF NO. 352

### I. INTRODUCTION

On November 21, 2019, pro se Defendant Leihinahina Sullivan ("Defendant") filed a "Motion to Subpoena For Pretrial Motions Hearings; Grand Jury Testimony Printed Out no access to printer to provide defense for myself, violation 8th Amend" ("Motion"). ECF No. 352. On December 5, 2019, the Government filed a Response. ECF No. 412. For the reasons discussed below, the Motion is DENIED.

### II. DISCUSSION

Defendant requests subpoenas for certain individuals to testify at scheduled hearings and for the Government to produce certain discovery at those

hearings. More specifically, Defendant requests subpoenas for the following witnesses:

(1) Craig Jerome and William Harrison (her prior counsel) to testify at a December 9, 2019 hearing on Defendant's motion to dismiss for failure to produce discovery (ECF No. 256) "about discovery request and non-compliance resulting in speedy trial violation," ECF No. 352 at PageID #3607;

(2) Kapono Sullivan and William Harrison to testify at a January 6, 2020 hearing on a motion to suppress. Kapono Sullivan would testify about "his interrogation for passcodes," and William Harrison would testify about a "phone call made to him on agent's phone on June 1, 2019 about passcodes," *id.*; and

(3) Special Agent Mark MacPherson to testify at a January 6, 2020 hearing on a motion for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), (ECF No. 231), *id*.

In addition, Defendant requests subpoenas for the Government to produce:

(1) at a January 6, 2020 hearing on a motion to dismiss for prosecutorial misconduct (ECF No. 223), grand jury testimony of six individuals and for seven individuals to testify about "[Assistant United States Attorney Rebecca] Perlmutter's misconduct," *id.*; and

(2) at a January 6, 2020 hearing on a motion to suppress (ECF No. 232), "all 9 boxes with all items taken" during a June 1, 2017 search of Defendant's home, *id.* at PageID #3608.

**A.     Legal Standards**

Under the Sixth Amendment, every person charged with a federal crime shall have compulsory process for obtaining witnesses in her favor. U.S. Const. amend VI. And criminal defendants have the right under the compulsory process clause of the Sixth Amendment to the government's assistance in compelling the attendance of favorable witnesses. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *United States v. Collins*, 551 F.3d 914, 926-27 (9th Cir. 2009).

In turn, Federal Rule of Criminal Procedure 17 provides for the issuance of subpoenas in criminal proceedings. Under Rule 17(b):

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

"A motion under Rule 17(b) is addressed to the sound discretion of the trial court, and a defendant does not have an absolute right to subpoena witnesses at government expense." *United States v. Sims*, 637 F.2d 625, 629 (9th

Cir. 1980); *see also United States v. Martin*, 567 F.2d 849, 852 (9th Cir. 1977). In the Ninth Circuit, if "the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." *Sims*, 637 F.2d at 627 (quoting *Greenwell v. United States*, 317 F.2d 108, 110 (D.C. Cir. 1963). "[T]he trial court's discretion is limited to determining whether issuing the subpoena would constitute an abuse of process." *Id*. at 629. Further, a district court does "not abuse its broad discretion in refusing to authorize [a] fishing expedition," *United States v. Callum*, 410 F.3d 571, 578 (9th Cir. 2005), or where a defendant fails to show "that the testimony of the requested witnesses would be relevant to [her] case," *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), *overruled on other grounds by Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1066 (9th Cir. 2002).[1] Further,

---

[1] Other courts have found that under Rule 17(b)'s required showing of the "necessity of the witness's presence for an adequate defense," "necessity" requires a showing that the witness's testimony would be "relevant, material, and useful." *See United States v. Orr*, 692 F.3d 1079, 1095 (10th Cir. 2012); *United States v. Schaller*, 401 F. App'x 419, 421 (11th Cir. 2010); *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990); *United States v. Mount*, 896 F.2d 612, 621 (1st Cir. 1990) (stating that before the absence of witness can violate either the compulsory process or due process clause, a defendant must show that the proposed testimony would be "relevant, material, and favorable"); *United States v. LeAmous*, 754 F.2d 795, 798 (8th Cir. 1985) ("Mere allegations of materiality and necessity are not sufficient to establish that a witness is necessary to an adequate defense.").

conclusory statements regarding the need for a witness do not satisfy Rule 17(b)'s necessity requirement. *See United States v. Oates*, 173 F.3d 651, 658-59 (8th Cir. 1999); *United States v. Pursley*, 577 F.3d 1204, 1230 (10th Cir. 2009).

As for grand jury material, the court "may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). To overcome the public interest in grand jury secrecy, a defendant is required to make "a strong showing of a particularized need for grand jury materials." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983); *see also Dennis v. United States*, 384 U.S. 855, 870 (1966) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 405 (1959)). The defense bears the burden of demonstrating a particularized need. *Pittsburgh Plate Glass Co.*, 360 U.S. at 400. Unsubstantiated or speculative assertions of impropriety are not enough to overcome the public's interest in grand jury secrecy. *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987).

And as for the *Franks* hearing:

> A defendant is entitled to an evidentiary hearing if he makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause. To justify a

> hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof.

*United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (internal quotations marks and citations omitted); *see also Franks*, 438 U.S. at 171-72.

**B.     Application of Legal Standards to the Motion**

Here, Defendant has failed to meet her burden of establishing that the requested witness testimony is relevant and necessary to the specified hearings.[2] *See Callum*, 410 F.3d at 578; *Merrill*, 746 F.2d at 465. First, Defendant's conclusory statement that six grand jury witnesses will testify "to Perlmutter's misconduct" is simply insufficient. *See Oates*, 173 F.3d at 658-59; *Pursley*, 577 F.3d at 1230. Second, Defendant fails to explain why testimony regarding passcodes is relevant to her motion to suppress. And third, Defendant fails to indicate what testimony from Special Agent MacPherson is relevant and necessary for the hearing to determine whether she is entitled to a *Franks* evidentiary hearing. *See Craighead*, 539 F.3d at 1080; *Franks*, 438 U.S. at 171-72. If the court determines, after the January 6, 2020 hearing, that Sullivan is entitled to an

---

[2] The court has already ruled on Defendant's motion to dismiss for failure to provide discovery. *See* ECF No. 444. Thus, Defendant's request to subpoena former counsel for a hearing on that motion is moot. In any event, Defendant's vague, conclusory assertion that former counsel would testify "about discovery request and non-compliance," ECF No. 352 at PageID #3607, lacks the required specificity to establish both relevance and necessity. *See Callum*, 410 F.3d at 578; *Merrill*, 746 F.2d at 465.

evidentiary hearing under *Franks*, the court can then address the issue of appropriate subpoenas. Thus, the request to subpoena Special Agent MacPherson is premature.

Nor has Defendant met her burden of articulating a particularized need for transcripts of grand jury testimony. *See Sells Eng'g, Inc.*, 463 U.S. at 443; *Pittsburgh Plate Glass Co.*, 360 U.S. at 400; *DeTar*, 832 F.2d at 1113. And the Government's production of the "9 boxes" taken during a search of Defendant's home is the subject of other discovery motions pending before the magistrate judge. *See, e.g.*, ECF No. 403, 463.

Finally, during a December 17, 2019 hearing on a separate motion, the court briefly addressed the deficiencies of the instant Motion. Following a discussion with the parties, the court indicated that it would deny the instant Motion without prejudice and directed Defendant's stand-by counsel to work with Defendant to secure necessary pretrial and trial subpoenas.

///

///

///

///

///

///

## III. **CONCLUSION**

Based on the foregoing, the Motion, ECF No. 352, is DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS, Order Denying Motion to Subpoena for Pretrial Motions Hearings, ECF No. 352