IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>LEIHINAHINA SULLIVAN,<br><br>          Defendant. | CR. NO. 17-00104 JMS-KJM<br><br>ORDER MODIFYING AND CLARIFYING THE DECEMBER 19, 2019 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT (ECF NO. 472) |

**<u>ORDER MODIFYING AND CLARIFYING THE DECEMBER 19, 2019 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF THE SPEEDY TRIAL ACT (ECF NO. 472)</u>**

On December 19, 2019, this court issued an "Order Granting in Part and Denying in Part [Defendant Leihinahina Sullivan's ("Defendant")] Motion to Dismiss for Violation of the Speedy Trial Act ["STA"], ECF No. 255" (the "STA Order"). ECF No. 472. As set forth in the STA Order, the court determined that the STA was violated and dismissed without prejudice 50 of 60 counts in the Third Superseding Indictment. *See id.* at PageID #5103-09.

The STA Order further stated that "the Government will be unable to seek reindictment of many dismissed counts as barred by a five-year statute of limitations." *Id.* at PageID #5109. This statement reflects the parties' and the

court's then-understanding of the effect of dismissal without prejudice,[1] which was discussed during the December 17, 2019 hearing on Defendant's Motion. That is, during the hearing, the Government agreed that the statute of limitations had run on some dismissed counts, that it would not be able to reindict those counts under the same statutory framework, and indicated that it "may seek to reindict some of the dismissed and time-barred charges . . . under a different statute," for example, "Title 26 which carries a six-year, not five-year statute of limitations." *Id.* And with this understanding, the STA Order stated that the court

> is unlikely to permit the Government to avoid the sanction of dismissal without prejudice—that is, solely for the purpose of any superseding indictment addressing the dismissal of the fifty counsel of the Third Superseding Indictment, the court is providing notice that it would likely dismiss any counts of a new indictment that charges the same alleged conduct (as charged in the Third Superseding Indictment and dismissed by [the December 20 Order] under a different statute with a longer statute of limitations.

*Id.* at PageID #5110.

On December 26, 2019, the grand jury returned a Fourth Superseding Indictment re-charging the same 60 counts charged in the Third Superseding Indictment, including the dismissed counts for which the statute of limitations

---

[1] The court's understanding was based on the Supreme Court's statement that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitation grounds." *United States v. Taylor*, 487 U.S. 326, 335 (1988).

appeared to have expired. ECF No. 495. The Government also submitted a letter dated December 26, 2019 providing legal authority to support reindictment of those dismissed counts, notwithstanding the expiration of the statute of limitations:

> The charges reindicted in the Fourth Superseding Indictment are supported by Supreme Court and Ninth Circuit Court of Appeals precedent by application of the savings clause in 18 U.S.C. § 3288. *See Zedner v. United States*, 547 U.S. 489, 499 (2006) ("[D]ismissal without prejudice[] lets the court avoid unduly impairing the enforcement of federal criminal laws—though even this sanction imposes some costs on the prosecution and the court, which further encourages compliance. When an indictment is dismissed without prejudice, the prosecutor may of course seek—and in the great majority of cases will be able to obtain—a new indictment, for even if 'the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of the dismissal.' [18 U.S.C.] § 3288."); *United States v. Shipsey*, 363 F.3d 962, 968-71 (9th Cir. 2004) (holding the savings clause, 18 U.S.C. § 3288, allows for reindictment of indictments dismissed without prejudice for Speedy Trial Act violations when the statute of limitations has subsequently expired, and for which Congress had amended the statute to apply more broadly to the government's ability to reindict.).

ECF No. 511 at PageID #5480-81.

The Government failed to bring this legal authority to the court's attention either in response to Defendant's Motion or during the December 17, 2019 hearing, and the court was unaware of the savings clause when it issued the

STA Order. Upon review, the court agrees that pursuant to the savings clause set forth in 18 U.S.C. § 3288, the Government is not barred from reindicting those dismissed counts for which the statute of limitations has expired (given that the Fourth Superseding Indictment was returned within six months of the dismissal order).

The purpose of the instant Order is to clarify the court's STA Order now that the court is aware that the Government can re-charge all 50 dismissed counts (within six months of dismissal). Upon de novo review, and with the understanding that the Government can reindict all 50 dismissed counts, the court reaches the same conclusion as that set forth in the STA Order—that dismissal of those 50 counts without prejudice is appropriate.

In determining whether to dismiss with or without prejudice, the court considered three factors, among others, set forth in 18 U.S.C. § 3162(a)(2): "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of [the STA] and on the administration of justice." ECF No. 472 at PageID #5104. And as part of the third factor, the court "examine[d] whether the delay caused by the government was intentional, the prejudice suffered by the defendant, and the length of delay." *Id.* at PageID #5108 (citing *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010 and *Taylor*, 487 U.S. at 335).

The court reiterates its prior analysis and application of these factors. As to the first factor, the charges against Sullivan are extremely serious and weigh in favor of dismissal without prejudice. *See id.* at PageID #5105. Defense counsel sought each continuance leading to the STA violation in order to have more time to prepare for a complex trial and there is no evidence of bad faith by the Government as to the STA violation or that the Government sought to take advantage of the delay. *Id.* at PageID #5106-07. As stated in the STA Order:

> Given this record, the court concludes that the violations of the STA were technical. That is, defense counsel sought more time to prepare this complex matter for trial (a reason that would easily have met the criteria to toll time under 18 U.S.C. § 3161(h)(7), but apparently neither the government, the defense, not the court considered th need for the court to make specific findings to toll time under the STA.

*Id.* at PageID #5107. Thus, the second factor weighs heavily in favor of dismissal without prejudice. And because the defense sought the continuances resulting in reasonable delay, coupled with the lack of evidence of any actual prejudice to Defendant's case or that the Government intentionally caused the delay, the third factor also weighs in favor of dismissal without prejudice. *See id.* at 5108.

Thus, to the extent the STA Order states otherwise, it is hereby modified to clarify that pursuant to the savings clause, 18 U.S.C. § 3288, the Government is not barred from reindicting dismissed counts for which the statute of limitations has expired. And the court further clarifies that the STA Order's

5

dismissal of the Third Superseding Indictment without prejudice was not based on the court's then understanding that the Government would be barred from reindicting dismissed charges for which the statute of limitations has expired. That is, in light of the court's modification, the basis for the court's ruling dismissing the Third Superseding Indictment without prejudice is unchanged.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 6, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS, Order Modifying and Clarifying the December 19, 2019 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss for Violation of The Speedy Trial Act (ECF No. 472)