IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS-KJM |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S "MOTION TO SQUASH/SUPPRESS ALL WARRANTS SIGNED BY JUDGE KEVIN S. CHANG VIOLATION OF SULLIVAN'S DUE PROCESS," ECF NO. 293 |
| vs. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S "MOTION TO SQUASH/SUPPRESS ALL WARRANTS SIGNED BY JUDGE KEVIN S. CHANG VIOLATION OF SULLIVAN'S DUE PROCESS," ECF NO. 293**

## I. INTRODUCTION

Before the court is pro se Defendant Leihinahina Sullivan's ("Sullivan") November 4, 2019 "Motion to Squash/Suppress all Warrants Signed by Judge Kevin S. Chang [in] Violation of Sullivan's Due Process." ECF No. 293 (the "Motion to Squash/Suppress").[1] For the following reasons, the Motion to Squash/Suppress is DENIED.

///

///

---

[1] The United States filed an opposition to the Motion to Squash/Suppress on November 29, 2019, ECF No. 378. Sullivan did not file an optional reply, which was due December 13, 2019. *See* ECF No. 314. The court held a hearing on January 6, 2020.

## II. ANALYSIS

Sullivan argues, in essence, that Magistrate Judge Chang was required to recuse himself from any matter relating to the instant criminal case, including signing a search warrant that led to the initial indictment against her. The court disagrees.

A judge must recuse from a case where the "probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (per curiam) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).[2] This inquiry is objective—that is, the court asks "whether, considering all the circumstances alleged, the risk of bias was too high to be constitutionally tolerable." *Id. See also Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) ("The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias" (internal quotation marks and citation omitted)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). And,

---

[2] Under 28 U.S.C. § 455(a), any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." And under § 455(b)(1), a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

> opinions formed by the judge on the basis of facts
> introduced or events occurring in the course of the
> current proceedings, or of prior proceedings, do not
> constitute a basis for a bias or partiality motion unless
> they display a deep-seated favoritism or antagonism that
> would make fair judgment impossible.

*Id*. Finally, under the "extrajudicial source doctrine"—where a judge is allegedly biased based on obtaining information outside of judicial proceedings—opinions must be formed outside of the judge's judicial duties. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010).

Here, Sullivan claims that Magistrate Judge Chang was involved in a prior qui tam case that she brought,[3] and that she "was ordered by Judge Chang not to reveal any information on the qui tam cases in her defense for the seven (7) counts of unauthorized computer access while employed with [the Department of Human Services] or Sullivan would be held in contempt and sent to prison." Motion to Squash/Suppress at 3, ECF No. 293 at PageID #2441. She further claims that Magistrate Judge Chang should have recused himself from this matter because he "is directly related to disputed evidentiary facts concerning the criminal

---

[3] Sullivan was a Relator in two qui tam actions. First, in *United States of America ex. rel. Leihinahina Sullivan v. United Heathcare Insurance Company, d/b/a/ Evercare*, Civ. No. 09-00341 SOM-KSC, Judge Susan Oki Mollway was the assigned district court judge and Judge Chang was the assigned magistrate judge. In *United States of America ex rel. v. WellCare Health Insurance of Arizona, Inc. d/b/a Ohana Health Plan*, Civ. No. 09-00342 SOM-RLP, Judge Mollway was the assigned district court judge, and Judge Richard L. Puglisi was the assigned magistrate judge. The docket of the second case, Civ. No. 09-00342 SOM-RLP, does not reflect any involvement by Magistrate Judge Chang.

3

charges of unauthorized computer access, . . . which was used to establish probable cause in other search warrants" signed by Magistrate Judge Chang. *Id*. at 4.[4]

Sullivan does not allege an "extrajudicial source" giving rise to potential bias, or some deep-seated favoritism on the part of Magistrate Judge Chang. Instead, she claims, in conclusory fashion, that his involvement in her qui tam case, including issuing an order that she not reveal information about the case, gives rise to potential bias rising to the level of a due process violation. But Magistrate Judge Chang's actions in the qui tam case were all related to judicial functions that cannot serve as a basis for recusal under these circumstances. In short, any adverse rulings (assuming, for the purposes of this Order only, that any sealing orders were "adverse" to Sullivan) in the qui tam case do not equate to bias. *See Johnson*, 610 F.3d at 1148; *see also United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012) (rejecting litigant's argument that magistrate judge "prejudged" her, was biased, and therefore was required to recuse himself merely because the magistrate judge presided over a related criminal case).

---

[4] Although not clear, it appears that Sullivan was convicted in Hawaii state court on seven counts of "unauthorized computer access" that relate to her qui tam case. She further appears to claim that she was unable to defend the state court case, at least in part, because Judge Chang ordered her not to disclose information in Civ. No. 09-00341 SOM-KSC. Judge Chang, in fact, did enter several orders granting the Government's application to extend the intervention period and ordering that the case remain sealed during those extension periods. *See* Civ. No. 09-00341 SOM-KSC, ECF Nos. 26, 34, 41, 45, 49, 53, and 58.

## III. CONCLUSION

Based on the foregoing, Sullivan's Motion to Squash/Suppress, ECF No. 293, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 6, 2020.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM, Order Denying Defendant Leihinahina Sullivan's "Motion to Squash/Suppress all Warrants Signed by Judge Kevin S. Chang Violation of Sullivan's Due Process," EFC No. 293.