IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS-KJM |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS FIFTH INDICTMENT, ECF NO. 578 |
| vs. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS FIFTH INDICTMENT, ECF NO. 578

On January 13, 2020, Defendant filed a "Motion to Dismiss Fifth Indictment" and "Motion for Leave of Court to File Said Motion to Dismiss." ECF No. 578. Defendant seeks to dismiss all 60 counts in the Fourth Superseding Indictment for violation of her constitutional rights. *Id.* More specifically, Defendant argues that "[t]he new charges brought in the Fourth Superseding Indictment . . . were outside of the scope of the statutory intent of the original indictment" and therefore "time does not toll for those charges." *Id.* at PageID #6413. Defendant's argument is without merit.

Title 18 U.S.C. § 3288 provides:

> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new

> indictment may be returned in the appropriate jurisdiction *within six calendar months of the date of the dismissal of the indictment* or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

(emphasis added). And, as this court previously ruled, pursuant to § 3288, charges that were dismissed for violation of the Speedy Trial Act, and for which the applicable statute of limitation had expired, may be reasserted within six months of their dismissal. *See* ECF No. 541 at PageID #6058 ("[P]ursuant to the savings clause set forth in 18 U.S.C. § 3288, the Government is not barred from reindicting those dismissed counts for which the statute of limitations has expired (given that the Fourth Superseding Indictment was returned within six months of the dismissal order)." This is precisely what the Government did by filing a Fourth Superseding Indictment, which is identical to the Third Superseding Indictment, one week after the Third Superseding Indictment was dismissed. *See* ECF Nos. 472 (dismissing Third Superseding Indictment on December 19, 2019), 495 (Fourth Superseding Indictment filed on December 26, 2019).

In short, Defendant's argument—that the charges brought in the Fourth Superseding Indictment are outside the scope of the original indictment—has no bearing on the application of § 3288 and therefore, is without merit. Because Defendant has provided no basis to dismiss the Fourth Superseding Indictment, the court DENIES Defendant's Motion for Leave to File a Motion to Dismiss the Fifth Indictment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS, Order Denying Defendant's Motion for Leave to File Motion to Dismiss Fifth Indictment, ECF No. 578