IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  vs.<br><br>LEIHINAHINA SULLIVAN,<br><br>            Defendant. | CR. NO. 17-00104 JMS-KJM<br><br>ORDER DENYING (1) "MOTION FOR LEAVE TO FILE THIS MOTION TO SUPPRESS," ECF NO. 622; (2) "MOTION FOR LEAVE TO FILE [SUPPLEMENTAL MEMORANDUM]," ECF NO. 623; (3) "MOTION FOR LEAVE TO FILE" "MOTION TO SUPPRESS INFORMATION TAKEN FROM THE WARRANTLESS SEARCH OF APPLE DESK TOP COMPUTER," ECF NO. 624; AND (4) "MOTION FOR LEAVE TO FILE THIS SUPPLEMENTAL MEMORANDUM FOR CLARIFICATION FOR ECF NO. 232," ECF NO. 627 |

**ORDER DENYING (1) "MOTION FOR LEAVE TO FILE THIS MOTION TO SUPPRESS," ECF NO. 622; (2) "MOTION FOR LEAVE TO FILE [SUPPLEMENTAL MEMORANDUM]," ECF NO. 623; (3) "MOTION FOR LEAVE TO FILE" "MOTION TO SUPPRESS INFORMATION TAKEN FROM THE WARRANTLESS SEARCH OF APPLE DESK TOP COMPUTER," ECF NO. 624; AND (4) "MOTION FOR LEAVE TO FILE THIS SUPPLEMENTAL MEMORANDUM FOR CLARIFICATION FOR ECF NO. 232," ECF NO. 627**

Pro se Defendant Leihinahina Sullivan requests leave to file four

motions past the deadline for the filing of motions in this action. *See* ECF Nos.

622, 623, 624, & 627. The court construes all four motions as seeking leave to file

1

motions to reconsider the court's January 24, 2020 Order Denying Defendant's (1)

Motion for a *Franks* Hearing, ECF No. 231; and (2) Motion to Suppress all

evidence obtained from her home on June 1, 2016, ECF No. 232 ("January 24,

2020 Order"). ECF No. 612.[1] For the reasons discussed below, all four motions

for leave are DENIED.

      Defendant's four motions are: (1) "Motion to Suppress; Motion for

Leave to file this Motion to Suppress," arguing that "newly [provided] discovery"

by the Government of bank statements show that funds for tax returns of Witness 1

were rejected and not received by Defendant's company, information which

Special Agent Mark MacPherson was aware of and omitted from the search

warrant, ECF No. 622 at PageID #7053-54; (2) leave to file a "supplemental

memorandum to [ECF] No. 232," arguing that there was no search warrant for the

seizure of her Apple Desktop Computer, ECF No. 623 at PageID #7061; (3) a

"Motion for Leave to File This Motion to Suppress; Motion to Suppress

Information Taken from Warrantless Search of Apple Desktop and Exclusionary

Rule Should Apply In This Case as Fruits of a Poisonous Tree," asserting the same

argument as her motion for leave to file a supplemental memorandum to ECF No.

232—that there was no search warrant for the seizure of her Apple Desktop

---

[1] The court assumes familiarity with the facts and analysis contained in the January 24, 2020 Order, and thus focuses on limited facts in this Order.

Computer, ECF No. 624; and (4) a "Motion for Leave to File This Supplemental

Memorandum for Clarification for ECF No. 232," arguing again that Special Agent

MacPherson should have included an IRS Device ID number on the June 1, 2016

search warrant, ECF No. 627. Because Defendant is pro se, the court liberally

construes these motions as motions for reconsideration of its January 24, 2020

Order.[2]

Although the Federal Rules of Criminal Procedure do not expressly

authorize the filing of motions for reconsideration, the Ninth Circuit has held that

motions for reconsideration may be filed in criminal cases. *See United States v.

Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000); *see also United States v. Fiorelli*,

337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits,

motions for reconsideration may be filed in criminal cases"); *United States v.

Williams*, 2019 WL 984273 at *3 (D. Haw. Feb. 28, 2019). Further, Local Rule

60.1, setting forth the standard for motions to reconsider in civil cases, applies to

criminal cases through Criminal Local Rule 12.3.

---

[2] The court notes that two of these motions were filed as "supplements" to her Motion to Suppress, ECF No. 232. As the court has explained several times, Defendant may file supplemental briefing, provided the Government has an opportunity to respond. Here, not only does she file her supplements after the Government has responded to her motion, Defendant files her "supplements" well *after* the hearing on January 6, 2020, and even after the Order was issued on January 24, 2020. Accordingly, the court construes these "supplements" as motions for reconsideration but cautions Defendant that she must comply with this court's orders in filing motions to supplement. Continued refusal to do so could result in sanctions.

A motion for reconsideration requires a showing (1) of newly discovered evidence, (2) that the court committed clear error or the initial decision was manifestly unjust, (3) of an intervening change in controlling law, or (4) of other, highly unusual, circumstances warranting reconsideration. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also* Local Rule 60.1. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). "Mere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018) (citing *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)).

In all but her fourth motion (i.e., ECF No. 627), Defendant asserts there is new information which was not available to her until discovery was recently provided. But even assuming the evidence is "newly discovered," none of the evidence alters the court's analysis set forth in its January 24, 2020 Order.[3]

---

[3] To be clear, the court is not making any findings as to whether such evidence is "newly discovered" and is merely assuming so for the purposes of this Order.

First, as to the tax returns of Witness 1, Sullivan provides a bank statement of Mobile Native Hawaiian Health, arguing that it shows two bank deposits for Witness 1's tax returns were "reversed" back to the State. The court rejected this argument in Defendant's Motion for *Franks* Hearing, finding that "[e]*ven assuming this assertion* [*was*] *true* [that the tax returns of Witness 1 were rejected or returned by Defendant or her company], merely because the State of Hawaii (and not Defendant) ultimately obtained a state tax refund does not undermine probable cause as to the other criminal acts alleged against Defendant, including fraudulently preparing tax returns on behalf of Witness 1 (and others)." January 24, 2020 Order at 9, ECF No. 612 at PageID #6848 (emphasis added). The same is true here.

Similarly, Defendant's two other motions as to the seizure of her Apple desktop computer also fail. The court ruled that the seizure (and subsequent search) of other computers (which includes her Apple desktop computer) on June 1, 2016 was permissible because there was sufficient probable cause set forth in the MacPherson Affidavit to support the seizure and search of the listed items to be seized. *See* January 24, 2020 Order at 12-17 (establishing probable cause for the June 1, 2016 search warrant), 18-19 (establishing that the listed items to be seized were within the scope of the search warrant), ECF No. 612 at PageID #6851-56, 6857-58. This included "digital devices or other electronic storage media that are

5

predominantly used" within Sullivan's residence which "agents conducting the search" may nonetheless seize if the agents "determine that it is possible that the things described in this warrant could be found on those computers"—even though, as Defendant argues, Special Agent MacPherson only identifies one device ID number. *See* ECF No. 357-1 at PageID #3679 & 3684; *see also* January 24, 2020 Order at 22 n.13, ECF No. 612 at PageID #6861 (rejecting Defendant's arguments that seizure of other computers on June 1, 2016 was impermissible). In short, merely because the warrant fails to specifically identify her Apple desktop computer as an item to be seized does not negate what this court has already found that the seizure of "other computers," which necessarily includes her Apple desktop computer, was based on probable cause and within the scope of the June 1, 2016 search warrant. *See id.*

As to Defendant's fourth motion for leave pertaining to Special Agent MacPherson's purported failure to include an IRS device ID number, Defendant does not even purport to allege "newly discovered" evidence and is merely rearguing a point. This does not meet the standard for reconsideration. More importantly, the court considered *and rejected* this argument. The court found that "any failure to include *additional* information [including an IRS device ID number] does not negate the probable cause that has already been established . . . ."

January 24, 2020 Order at 7-8, ECF No. 612 at PageID #6846-47.  Defendant's

"supplement" does not change the court's findings.

Accordingly, Defendant's four motions for leave to file (ECF Nos.

622, 623, 624, & 627) are DENIED.[4]

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 6, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM, Order Denying (1) "Motion for Leave to File This Motion to Suppress," ECF No. 622; (2) "Motion for Leave to File [Supplemental Memorandum]," ECF No. 623; (3) "Motion for Leave to File" "Motion to Suppress Information Taken from the Warrantless Search of Apple Desk Top Computer," ECF No. 624; and (4) "Motion for Leave to File This Supplemental Memorandum for Clarification for ECF No. 232," ECF No. 627.

---

[4]  The court again reminds Defendant that she has an upcoming trial date in April 2020. The court previously granted a continuance of the trial date to permit Defendant more time to prepare for trial.  Defendant is cautioned that she should make careful use of her time to adequately prepare for trial instead of repeatedly filing motions making meritless arguments previously considered by the court.