IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>LEIHINAHINA SULLIVAN,<br><br>        Defendant. | CR. NO. 17-00104 JMS-KJM<br>CR. NO. 21-00096 JMS-KJM<br><br>ORDER: (1) DENYING "MOTION FOR LEAVE TO FILE THIS MOTION TO DISMISS FOURTH SUPERSEDING INDICTMENT FOR VIOLATION OF MY 1ST, 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION," ECF NO. 1306; AND (2) TO SHOW CAUSE WHY PRO SE STATUS SHOULD NOT BE REVOKED |

**ORDER: (1) DENYING "MOTION FOR LEAVE TO FILE THIS MOTION TO DISMISS FOURTH SUPERSEDING INDICTMENT FOR VIOLATION OF MY 1ST, 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION," ECF NO. 1306; AND (2) TO SHOW CAUSE WHY PRO SE STATUS SHOULD NOT BE REVOKED**

**I. INTRODUCTION**

Pro se Defendant Leihinahina Sullivan ("Defendant") has filed a "Motion for Leave to File This Motion to Dismiss Fourth Superseding Indictment for Violation of My 1st, 5th, 6th, and 14th Amendment Rights to the United States Constitution" ("Motion to Dismiss"). ECF No. 1306.[1] Defendant seeks dismissal

---

[1] The court refers to the docket in Crim. No. 17-00104 JMS.

1

of the charges against her based on a court-ordered exam to determine if she was competent to stand trial and to represent herself pursuant to *Indiana v. Edwards*, 554 U.S. 164 (2008).  Because the court has ruled on this very issue several times, and because Defendant has been informed that she cannot raise constitutional challenges arising prior to her conviction now that she has entered a plea of guilty and pending sentencing, the Motion to Dismiss is DENIED.

Further, Defendant has been warned, many times, that her continued abusive filings may result in a revocation of her pro se status.  In a September 15, 2021 Order, this court stated, "Defendant is one step away from this court entering an order to show cause why her pro se status should not be terminated.  She has been warned repeatedly about her abusive conduct. . . .  This is a final warning."  ECF No. 1248 at PageID # 12981.  Therefore, based on Defendant's continued abusive filings with the court and her inability to follow court orders, the court issues an ORDER TO SHOW CAUSE why Defendant's pro se status should not be revoked and counsel appointed to represent her for sentencing.

## II.  BACKGROUND

On September 11, 2019, after an exhaustive two-day inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the court permitted Defendant to represent herself and also appointed standby counsel.  *See* ECF Nos. 229, 236.  Since that time, Defendant has proceeded pro se and has filed numerous motions

seeking relief, including many motions seeking dismissal of the charges against her.[2]  Given the long and complex history of this case, the court provides in this Order only the background necessary to place into context Defendant's instant Motion to Dismiss, and the court's previous rulings and orders relating to the same issues she now raises.

During a September 21, 2020 status conference, Defendant stated that she intended to offer psychiatric testimony at trial on the issue of her mental health. ECF No. 1057 at PageID # 10747.[3]  Defendant's stand-by counsel explained that Defendant has long suffered from a bipolar disorder, she receives treatment from Dr. Nathan Pien, and that Dr. Pien opined at one point that Defendant may not be able to go through a trial without having a breakdown.  *Id*. at PageID ## 10747-49.

---

[2] In a June 14, 2021 Order, the court recognized that

> since August 2019 [Defendant] has sought to dismiss the operative Indictment three dozen times, reasserting arguments previously considered by the court, in piecemeal fashion, and without regard to the court's prior decisions, and for any and all perceived slights, big or small.

ECF No. 1151 at PageID # 12099 (citing ECF Nos. 217, 218, 223, 224, 255, 256, 295, 296, 306, 328, 345, 420, 519, 520, 578, 581, 603, 646, 675, 728, 749, 765, 803, 812, 830, 835, 927, 929, 943, 1122, 1126, 1128, 1129, 1137, 1143, 1149).  That number is now thirty-eight.  *See* ECF Nos. 1217, 1306.

[3] The portion of the September 21, 2020 status conference that addressed Defendant's mental health is under seal.  The court cites only those portions of the discussion necessary to place Defendant's Motion to Dismiss in context.

Pursuant to 18 U.S.C. § 4241, on September 28, 2020, the court ordered Defendant to undergo a competency examination by a local expert, not by the Bureau of Prisons. *See* ECF Nos. 1008, 1011. The exam was to determine whether (1) Defendant was competent to stand trial; and (2) she was competent to represent herself within the meaning of *Indiana v. Edwards*, 554 U.S. 164 (2008). ECF No. 1011. Based on the agreement of the parties, the court appointed Dr. Reneau Kennedy to conduct the examination. *See* ECF Nos. 1013, 1018.

Upon review of Dr. Kennedy's report, it became clear to the court that critical information regarding whether Defendant suffered from any "severe mental illness to the point where [she] is not competent to perform the more arduous task of representing [herself] [under *Edwards*]," *United States v. Johnson*, 610 F.3d 1138, 1145 (9th Cir. 2010), was not provided to Dr. Kennedy, ECF No. 1041. During a January 15, 2021 hearing to determine Defendant's ability to represent herself at trial, the court stated that:

> So, my thought is based on where we are that there needs to be a disclosure of Dr. [Pien's] records to Dr. Kennedy. Dr. Kennedy needs to have, if she wishes, further access to Ms. Sullivan for further discussion and then an amended report, is what I'm thinking would be prudent here. But I'm happy to talk to all of you about your views on this.

*Id*. at PageID # 10650.[4]  Defendant objected to the disclosure of Dr. Pien's records to Dr. Kennedy, and the court overruled that objection.  *Id*. at PageID ## 10653, 10656.

On January 27, 2021, the court entered an order directing Dr. Pien to provide to the court his medical records relating to Defendant.  ECF No. 1048.[5]  On February 4, 2021, the court provided Dr. Kennedy with the Dr. Pien records, after an in-camera review and making certain redactions.  ECF No. 1052.  On March 4, 2021, Dr. Kennedy submitted her final report to the court.  *See* ECF No. 1063.  The court reviewed the final report, redacted it as necessary, and docketed both the redacted and unredacted report.  *See id.*; *see also* ECF Nos. 1061, 1062.  The United States received a copy of Dr. Kennedy's report and the records submitted by Dr. Pien.[6]

---

[4] The portion of the January 15, 2021 hearing that addressed Defendant's mental health is under seal.  The court cites only those portions of the discussion necessary to place Defendant's Motion to Dismiss in context.

[5] In the January 27, 2021 Order, the court found that Defendant has waived the psychotherapist-patient privilege, and that in any event a narrow exception applied to the privilege given the ongoing competency evaluation concerning Defendant's ability to proceed pro se.  ECF No. 1048 at PageID # 10691.

[6] Defendant describes the release of the Pien records to the AUSA as follows:  "As Dr. Kennedy (a contractor) hired by Judge Seabright, further caused me more injury (constitutional violations) . . . when Dr. Kennedy could not follow directions given to her by Judge Seabright, and released all of my subpoenaed records given to her by Judge Seabright to [the AUSA]."  ECF No. 1137 at PageID # 12010.

## III. ANALYSIS

A.  **The Motion to Dismiss Is Denied**

Defendant's Motion to Dismiss centers on her claim that the release of her medical information was unconstitutional. Specifically, she alleges:

"(1) violation of attorney client privilege—standby counsel breaching confidentiality;

(2) violation of patient-psychotherapy privilege—Judge Seabright ordering my treating providers records sua sponte over my objection;

(3) [t]hen all of my patient-psychology privilege records given to Plaintiff in my case giving AUSA an inside look at all of my defense weaknesses." ECF No. 1306 at PageID # 13464. That is, Defendant claims that her constitutional rights were violated when standby counsel disclosed her mental health status to the court; when the court ordered the Pien records to be provided to Dr. Kennedy for her to consider in the evaluation of Defendant's competency to represent herself; and when Dr. Kennedy disclosed the Pien records to the AUSA.

The Motion is DENIED for two independent reasons: (1) the court has already ruled—many times—on the very issues that Defendant now raises; and (2) having entered a plea of guilty and pending sentencing, Defendant cannot raise these alleged violations that occurred prior to her plea of guilty.

Defendant has repeatedly raised, and the court has repeatedly rejected, the very arguments she now makes.  First, on May 12, 2021, Defendant filed a motion seeking dismissal of the operative indictment based, in part, on the same three allegations that she now raises.  *See* ECF No. 1108 at PageID ## 11772-79.  The court denied that motion by order dated May 13, 2021, stating that the conduct, as alleged, did not warrant dismissal of the indictment.  ECF No. 1112 at PageID # 11793.

Then, on May 28, 2021, Defendant filed a motion that raises, along with several other issues, the same three allegations that she now raises.  ECF No. 1137 at PageID # 12010.  The court denied the motion on June 7, 2021, finding that "[w]hether considered individually or cumulatively, these allegations do not warrant dismissal of the operative indictment."  ECF No. 1140 at PageID # 12025.  Defendant did not wait for the court's ruling on her May 28 motion before filing two additional motions raising the same allegations.  First, in a motion she dated June 3, 2021, Defendant sought dismissal of the operative indictment against her based, in part, on the allegations that standby counsel breached the attorney-client privilege, and that Dr. Kennedy provided the Pien records to the AUSA prosecuting the case.  ECF No. 1143 at PageID # 12048.  Three days later, in a motion she dated June 6, 2021, Defendant again sought dismissal of the operative indictment, and yet again raised the same issues.  ECF No. 1149 at PageID

7

# 12072-76.  In a single order dated June 14, 2021, the court denied Defendant's June 3 and June 6 motions (ECF Nos. 1143 and 1149).  ECF No. 1151.  The order points out that both motions "raise the same arguments made in other recent motions" and "violate numerous court rules including raising arguments previously considered, failing to establish good cause for seeking leave to file a motion past the motions deadline, and inundating the court with repetitive and piecemeal filings because she disagrees or is unhappy with the court's decision."  *Id*. at PageID # 12096.  Defendant was warned that her "behavior will not be tolerated further, and future violations may result in imposition of sanctions, including revocation of her right to self-representation."  *Id*. at PageID # 12097.  In conclusion, the court denied both motions, stating that they "raise issues previously ruled on by the court and are without any merit."  *Id*. at PageID # 12102.

Then, after Defendant entered a plea of guilty on July 20, 2021, she filed a July 29, 2021 Motion to Withdraw her guilty plea and again raised these same issues.  ECF No. 1210 at PageID # 12463.  The court denied that motion, finding that none of the issues concerning the release of her medical records was newly discovered.  ECF No. 1218 at PageID ## 12617-18.  Defendant then filed a motion for reconsideration, again arguing the same points regarding the release of her medical records.  ECF No. 1229 at PageID ## 12727-28.  And, again, that motion was denied.  ECF No. 1238.  Defendant then raised these same issues again

8

in a September 14, 2021 motion. ECF No. 1244 at PageID ## 12962-63 (asserting, among other things, breach of various rights due to standby counsel's "Notice of Intent" and the handling of Defendant's psychiatric records) (motion denied by ECF No. 1246).

Independent of the fact that the court has ruled several times on the issues raised in the Motion to Dismiss, Defendant cannot raise these alleged constitutional violations now that she has entered a plea of guilty. "'As a general rule, a guilty plea erases claims of constitutional violation arising before the plea.'" *United States v. Chavez-Diaz*, 949 F.3d 1202, 1207 (9th Cir. 2020) (quoting *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989), *amended* 907 F.2d 115 (9th Cir. 1990)).

> As stated by the Supreme Court:
>
> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). And as explained by the Ninth Circuit:

> As we have thus held, "it is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir.

2005); *see also United States v. Brizan*, 709 F.3d 864, 866-67 (9th Cir. 2013); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam).

This principle of law inheres in the nature and function of the guilty plea itself, which "represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. By pleading guilty, a defendant "'foregoes not only a fair trial, but also other accompanying constitutional guarantees.'" [*Class v. United States*, 138 S. Ct. 798, 805 (2018)]. Allowing a defendant to plead guilty unconditionally, but nevertheless to raise on appeal the very constitutional challenges that a guilty plea is designed to relinquish, would give the defendant the benefits of a guilty plea without the attendant waiver of rights that a plea necessarily entails. That is why the Supreme Court has explained that a valid guilty plea "renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Id*. at 805.

Consistent with the foregoing, we have routinely held that defendants who pleaded guilty unconditionally cannot raise on appeal various claims of antecedent legal error. *See, e.g., Brizan*, 709 F.3d at 866 (alleged deprivation of ability to raise Fifth Amendment self-incrimination defense); *Jackson*, 697 F.3d at 1144 (alleged Speedy Trial Act violation); *Lopez-Armenta*, 400 F.3d at 1175 (alleged Fourth Amendment violation and subsequent denial of motion to suppress); *Bohn*, 956 F.2d at 209 (alleged Speedy Trial Act and right to counsel violations).

*Chavez-Diaz*, 949 F.3d at 1206-07.[7]  This rule was explained to Defendant in a September 8, 2021 Order.  ECF No. 1234 at PageID ## 12749-50.

In short, the court has previously rejected—many times—the very arguments that Defendant makes in her Motion to Dismiss.  Further, given Defendant's plea of guilty, she may not raise these claims now.  Accordingly, the Motion to Dismiss is DENIED.

**B.    Defendant Is Ordered to Show Cause Why Her Pro Se Status Should Not Be Revoked**

During the *Faretta* inquiry, the court warned Defendant that she must abide by procedural rules and follow orders.  *See* Faretta Hr'g Tr., ECF No. 466 at PageID ## 4991 ("The Court:  And do you promise me you will abide by my orders and the rules of procedure and protocol here in court to the best of your ability?  The Defendant:  Yes, Your Honor."); *id*. at PageID # 4995 ("If [the court] let[s] you represent yourself . . . you can't just ignore [the court's] orders."). Defendant's pro se status does not permit her to file vexatious filings.  *See id*. at PageID # 4991 (warning Defendant she must follow rules, in part, because she had previously violated court rules); *id*. at PageID # 4992 (acknowledging the

---

[7] The sole exception to this rule "allows for constitutionally-based appeals—despite an unconditional guilty plea—where the appeal, if successful, would mean that the government cannot prosecute the defendant at all." *Chavez-Diaz*, 949 F.3d at 1207-08; *see also Class*, 138 S. Ct. at 805.

11

additional difficulties Defendant has while being incarcerated but noting that she still has to "follow [court] rules").

As early as March 2020, the court warned Defendant—and gave her specific examples—of her many filings that "have violated court rules, deadlines, and orders." *See, e.g.*, ECF No. 783 at PageID ## 8462-64. And she has been warned that "by repeatedly ignoring court orders and warnings, Defendant is deliberately engaging in conduct that inches ever closer" to the type of conduct that would warrant termination of her right to self-representation. *Id*. at PageID # 8464.

But since that warning, Defendant has continued to violate court rules or orders. *See, e.g.*, ECF Nos. 772, 783, 807, 858, 859, 861, 865, 866, 873, 874, 915, 931 1151, 1248. For example, Defendant has been warned that her conduct of continuously raising issues previously considered by the court in piecemeal fashion is abusive. *See, e.g.*, ECF Nos. 743, 772, 811, 874. In a June 14, 2021 Order, the court warned Defendant that raising arguments previously ruled on by the court was abusive and that "this behavior will not be tolerated further, and future violations may result in imposition of sanctions, including revocation of her right to self-representation under *Faretta*." ECF No. 1151 at PageID # 12097. Most recently, by Order dated September 15, 2021, the court denied a motion seeking certain discovery, even though "Defendant has been told many times that she is not

12

entitled to [that] discovery." ECF No. 1248 at PageID # 12978. The court concluded:

> Defendant is one step away from this court entering an order to show cause why her pro se status should not be terminated. She has been warned repeatedly about her abusive conduct. *See, e.g.*, ECF Nos. 783, 1151 (notice, and continued notice, that abuse of court process may result in termination of self-representation). This is a final warning.

*Id*. at PageID # 12981.

Defendant was also warned multiple times that, after the motions deadline passed in November 25, 2019, her filing of any motions without establishing good cause is also disallowed. *See, e.g.*, ECF Nos. 393, 683, 742, 743, 1095; *see* ECF No. 618 at PageID # 6989; *see also* ECF No. 957 at PageID # 9792 ("The Motions deadline for both trials has passed and is closed."), *and* ECF No. 1010 at PageID # 10435 ("The parties' motions deadline has passed and will not be reopened."), *and* ECF No. 1115 at PageID # 11870 (same).

In short, Defendant was told that filing repetitive motions was disallowed and abusive, and that she could not, after her plea of guilty, file a motion seeking relief for alleged violations known to her prior to her change of plea. Nonetheless, Defendant filed the Motion to Dismiss.

Given this history, Defendant is ORDRED TO SHOW CAUSE, no later than January 28, 2022, why her pro se status should not be revoked and

counsel appointed to represent her. *See, e.g., United States v. Engel*, 968 F.3d 1046, 1051 (9th Cir. 2020) ("A district court 'may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct,' or who is unable or unwilling 'to abide by rules of procedure and courtroom protocol'") (quoting *Faretta*, 422 U.S. at 834 n.46, and *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984)). The United States is requested to provide the court with its position on the ORDER TO SHOW CAUSE no later than January 28, 2022.

## IV. <u>CONCLUSION</u>

(1)   Defendant's Motion to Dismiss, ECF No. 1306, is DENIED.

(2)   Defendant is ORDERED TO SHOW CAUSE, no later than January 28, 2022, why her pro se status should not be revoked and counsel appointed to represent her. The United States is requested to provide the court with its position on the ORDER TO SHOW CAUSE no later than January 28, 2022.

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, January 14, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sullivan*, Cr. Nos. 17-00104 JMS-KJM, 21-0009S6 JMS, Order: (1) Denying "Motion for Leave to File This Motion to Dismiss Fourth Superseding Indictment for Violation of My 1st, 5th, 6th, and 14th Amendment Rights to the United States Constitution," ECF No. 1306; and (2) to Show Cause Why Pro Se Status Should Not Be Revoked