IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RETURN OF PROPERTY, ECF NO. 1628 |
| v. | |
| LEIHINAHINA SULLIVAN, | |
| Defendant. | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RETURN OF PROPERTY, ECF NO. 1628

Before the court is a motion filed by pro se Defendant Leihinahina

Sullivan ("Defendant") under Federal Rule of Criminal Procedure 41(g) seeking

the return of property consisting of four iPhones and one computer (the "devices")

seized from search warrants executed in 2016 and 2019.  ECF No. 1628 ("Motion

for Return of Property").  The United States filed a response on July 15, 2024, and

a second supplemental response on August 29, 2024 ("second response").  ECF

Nos. 1632 & 1642.  In the second response, the United States confirmed that it can

reset all the devices to factory settings, which will erase all the stored personal

identifying information.  The United States also requested that the court make a

finding that Defendant "is estopped from challenging the authenticity and

admissibility of evidence derived from the devices (except for Rule 401 or 403

objections to relevancy and prejudice), and from making related claims to exclude any of the evidence used from extractions (cellphones) and image (computer) of the reset and returned devices in any subsequent proceedings."  ECF No. 1642 at PageID.20942–20943.

Subsequently, on August 30, 2024, the court expressed its inclination to grant Defendant's Motion for Return of Property if Defendant agreed to the following: (1) the devices will be reset to factory settings; and (2) should there be any further ligation in this case,[1] Defendant would not challenge the authenticity of evidence obtained from the devices based on the fact that the devices were reset to factory settings and/or returned to her.  ECF No. 1643 ("August 30 order").  On October 4, 2024, in response to the August 30 order, Defendant stated that "I Don't Agree With the Two Conditions As Set Forth in ECF No. 1643" and that "I am maintaining an argument that the government will be unable to authenticate the devices as there was no chain of custody forms for [the] devices."  ECF No. 1648.

---

[1] On July 20, 2021, Defendant pled guilty to three counts of wire fraud in Cr. No. 17-00104 JMS and one count of aggravated identity theft in Cr. No. 21-00096 JMS.  *See* ECF No. 1202.  Defendant was then sentenced on March 28, 2023 to a total of 180 months in Cr. No. 17-00104 JMS and 24 months in Cr. No. 21-00096 JMS, with the terms to run consecutive, for a total sentence of 204 months.  *See* ECF No. 1530.  Defendant appealed her conviction, and on October 30, 2024, the Ninth Circuit affirmed.  *See* Ninth Circuit No. 23-573, Dkt. 56.  On November 11, 2024, Defendant filed a petition for panel rehearing and petition for rehearing en banc (collectively, "Petition"), which is currently pending.  *See id*., Dkt. 57.

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). At this stage of the case, the "government has the burden of demonstrating that it has a legitimate reason to retain the property" that is reasonable under all of the circumstances. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)); *see also United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).

Based on its familiarity with this case, the court agrees with the government that it has a legitimate reason "to maintain the underlying electronic evidence because it is critical evidence supporting dozens of the charges in the operative indictment." ECF No. 1632 at PageID.20867. As explained above, in its August 30 order, the court inquired of Defendant whether she would "not challenge the authenticity of evidence obtained from the devices based on the fact that the devices were reset to factory setting and/or returned to her." ECF No. 1643. She refused to so agree, maintaining that the government could not prove a chain of custody on the devices. ECF No. 1648. In other words, Defendant is seeking return of the devices, but would challenge the authenticity of the contents of those devices should she prevail on appeal requiring further proceedings in this

court. Considering all of the circumstances before the court, the government has a compelling and legitimate reason to keep the devices pending a final outcome of Defendant's appeal.

The court provides some guidance looking forward. Should the Ninth Circuit deny the pending Petition and then issue a mandate, Defendant can refile a Rule 41(g) motion. At that point, the government's legitimate reason to retain the devices will likely be diminished. But if she does file a new motion, Defendant should be aware that it is very unlikely that the court would order the return of the devices without deleting the significant amount of third-party personal identifying information ("PII") contained on the devices— information that she used to engage in illegal conduct.[2] The only way to accomplish this may be to reset the devices to their factory settings, thus deleting the PII—and all other data—on the devices. But Defendant appears to object to a factory reset. *See* ECF No. 1648. Thus, if Defendant refiles a Rule 41(g) motion, she should explain in detail why she objects to a factory reset. And if she wants any specific data on any of the devices to be returned to her, she must be specific as to what she is seeking. Only then can the court determine, with input from the government, whether it is possible to delete

---

[2] In fact, as a condition of her supervision, Defendant may not possess any "personal identification documents or information that is not legally issued" to her. ECF No. 1530 at PageID.18063.

4

contraband (PII) data but still maintain other data that Defendant seeks. *See, e.g.,*

*Gladding*, 775 F.3d at 1153–54.

Defendant's Motion is thus DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 29, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Sullivan*, Cr. No. 17-00104 JMS-KJM; Order Denying Without Prejudice
Defendant's Motion for Return of Property, ECF No. 1628