IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEIHINAHINA SULLIVAN,<br><br>Defendant. | Case No. 17-cr-00104-JMS-1<br>Case No. 21-cr-00096-JMS-1<br><br>**ORDER DENYING DEFENDANT LEIHINAHINA SULLIVAN'S JULY 22, 2025 MOTION FOR RECUSAL OF JUDGE J. MICHAEL SEABRIGHT[1]** |

On July 22, 2025, Defendant Leihinahina Sullivan moved to recuse Senior

District Judge J. Michael Seabright from ruling on her concurrently filed motion for

compassionate release on the ground that Judge Seabright has been "compromised"

by what Sullivan describes as a "personal tragedy".   Dkt. No. 1699.[2]   According to

Sullivan, the 2018 tragic event resulted in a "troubling pattern" of more severe

sentences, "fury", and the "erosion of judicial neutrality".   Sullivan grounds her

conclusions in an "empirical breakdown" and "comprehensive sentencing analysis"

of "40 federal cases" assigned to Judge Seabright and spanning the period 2015 to

2024.

_____

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a
hearing or additional briefing.
[2]Unless otherwise noted, the Court cites to docket entries in Case No. 17-cr-104.

Sullivan's purported analysis contains numerous inaccuracies and misrepresentations, rendering her conclusions unreliable *for any purpose*, much less for the one sought: disqualification of Judge Seabright.   For instance, during the ten-year period of her supposed study, court records indicate that Judge Seabright sentenced 297 criminal defendants.[3]   Yet Sullivan's motion reports on a mere 40 or 13.5%.   How she chose the 40 cases to report on, Sullivan never explains.   She also does not explain how or why she chose "40 federal cases across four offense categories drug trafficking, child pornography, white-collar fraud, and public corruption."   Dkt. No. 1699 at 3.   In fact, we do not even know which 40 cases she chose for her "in depth" study because her motion only mentions 14 of them.   Why she mentions only 14, once again, we do not know.   Why she chose the ten-year study period of 2015 to 2024, again, we do not know.[4]   Why she selected a ten-year study period to even begin with, we do not know.   Why her ten-year period does not evenly surround the 2018 watershed tragedy she mentions, we do not know.   It is thus impossible to conclude that her analysis of a 13.5% subset of Judge Seabright's criminal sentencings during the period she selects -- but never explains -- is statistically significant.

---

[3]The 297 figure does not include sentences for supervision revocations or re-sentences for reasons such as guideline amendments or Fed.R.Crim.P. 35.
[4]Judge Seabright took the federal bench in 2005.

2

The problems with Sullivan's analysis do not end there.   As mentioned, Sullivan identifies only 14 of the 40 cases she claims to have studied.   Dkt. No. 1699 at 4.   We know nothing about the 26-case remainder.   At least 2 of the 14 cases she identifies involve sentences pronounced *before* 2015.[5]   In other words, they are outside of the 2015 to 2024 study period she selected.   An additional 2 (of the 14) cases were never assigned to Judge Seabright, and, in fact, cannot be found in the federal docketing system, at least not for the U.S. District Court for the District of Hawai'i.[6]   These 4 cases, in short, do not serve the purpose Sullivan offers and dwindle to an even greater degree the statistically insignificant number on which she relies.

Sullivan's description of her own sentence is just as telling.   She misstates her guideline range, which inevitably results in her also wrongly stating that she received a "major upward" variance in her sentence by Judge Seabright.   According to Sullivan, her guideline range was 121-151 months, and she received a sentence of 204 months' imprisonment, resulting in a "major upward" variance.   Dkt. No. 1699 at 4.   About the only thing true there is Sullivan's actual sentence of 204 months' imprisonment -- though even that is misleading.   Specifically, Sullivan was charged

---

[5]Specifically, (1) *United States v. Ventura*, Case No. 11-CR-503-JMS-1, and (2) *United States v. Teaupa*, Case No. 12-CR-1128-JMS-1.
[6]Specifically, Sullivan identifies a case involving "Rod Tam" in 2015 and one involving "Isaac Singletary" in 2023.   The Court has found no such cases on CM/ECF.

with offenses in two cases: Case Nos. 17-CR-104 and 21-CR-96.   In the former,

Sullivan's guideline range was 168-210 months' imprisonment, <u>not</u> 121-151.   Dkt.

No. 1531.[7]   In the latter, Sullivan was convicted of aggravated identity theft, which

carried with it a *mandatory minimum* sentence of 24 months' imprisonment that was

required by statute to run *consecutive* to any sentence Sullivan received in Case No.

17-CR-104.   Dkt. No. 1514 at ¶¶ 103, 183.   As stated, Sullivan received a

204-month *total* sentence, comprised of 180 months in Case No. 17-CR-104 and 24

months in Case No. 21-CR-96.   When viewed in the proper light of Sullivan's

multiple crimes and applicable guideline and statutory requirements, Sullivan's

sentence fell squarely within the middle -- in fact, below the middle -- of the 168 to

210-month guideline range in Case No. 17-CR-104, as she received a 180-month

sentence in that case.

Equally unreliable is Sullivan's claim that Judge Seabright imposed "upward"

or "major upward" variances in the post-2018 time frame for three other subjects of

her study.   According to court records, Chun Mei Tong, Edward Caspino, and

Kalani Kaaiawaawa all received below or within guidelines sentences from Judge

Seabright.   *Cf.* Dkt. No. 1699 at 4 *with* Case Nos. 18-CR-82 at Dkt. Nos. 100, 105,

23-CR-86/23-CR-91 at Dkt. Nos. 44, 50, and 22-CR-22 at Dkt. Nos. 64, 76.   Once

---

[7]Given that Sullivan was present at sentencing, it is unclear how she came up with the idea that her guideline range was something it was not – *e.g.* the 121-151 months claimed in her motion.

more, the unreliable data from Sullivan rears its head.

Two more items from Sullivan's recusal motion bear mention.   First, Sullivan surmises that certain brief snippets of discourse from Judge Seabright demonstrate an "emotionally charged" and "harsh" sentencing posture in the post-2018 time frame.   Her cited examples, however, demonstrate precisely the opposite.   The use of phrases, such as "shocking betrayal of public trust", damage that is "irreparable", and conduct that is "egregious by every possible measure" (*see* Dkt. No. 1699 at 5) – even if true[8] – can be heard in virtually every court in the land, both before 2018 and since.   There is nothing unusual about the cited language, rendering her linguistic "analysis" absurb.   Second, beyond her statistical and linguistic acumen, Sullivan contends that Judge Seabright "gives lip service to the [First Step Act (FSA)]."   Dkt. No. 1699 at 2-3.   While this assertion may represent an intention to provide an alternative grounds for recusal, Sullivan fails to explain how, while simultaneously failing to provide any support for her "lip service" comment.   If fact, she acknowledges that there is "no direct statement from Judge Seabright "opposing the FSA".   Thus, to the extent Sullivan's FSA reference was intended to provide another reason to disqualify Judge Seabright, the Court rejects it.

---

[8]We do not know if the statements are true because Sullivan, once again, does not identify the case or docket entry number from which she allegedly excerpted the language, nor does she provide so much as a snippet of background or context from which it was taken.

5

## **CONCLUSION**

Sullivan's July 22, 2025 request to recuse Judge Seabright is DENIED in both

Case No. 17-CR-104 (Dkt. No. 1699) and Case No. 21-CR-96 (Dkt. No. 296).

IT IS SO ORDERED.

DATED: July 31, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge