IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00104 JMS |
| | CR. NO. 21-00096 JMS |
| Plaintiff, | |
| | ORDER DENYING DEFENDANT'S |
| v. | MOTION TITLED "USSG AMENDMENT |
| | 82 RETROACTIVE AMENDED |
| LEIHINAHINA SULLIVAN, | (EXHIBIT 6) GUIDELINE RANGE |
| | UNDER 1B1.10(b), 1B1.10(d) WHICH |
| Defendant. | AMENDS MY SENTENCE FROM 204 |
| | MONTHS TO 65 MONTHS (EXHIBIT 1)" |

**ORDER DENYING DEFENDANT'S MOTION TITLED "USSG
AMENDMENT 82 RETROACTIVE AMENDED (EXHIBIT 6) GUIDELINE
RANGE UNDER 1B1.10(b), 1B1.10(d) WHICH AMENDS
MY SENTENCE FROM 204 MONTHS TO 65 MONTHS (EXHIBIT 1)"**

**I. INTRODUCTION**

Pro se Defendant Leihinahina Sullivan ("Sullivan" or "Defendant")

filed a June 10, 2026 Motion titled "USSG Amendment 82 Retroactive Amended

(Exhibit 6) Guideline Range Under 1B1.10(b), 1B1.10(d) Which Amends My

Sentence From 204 Months to 65 Months (Exhibit 1)," ECF No. 1766 in Cr. No.

17-00104 JMS and ECF No. 352 in Cr. No. 21-00096 JMS ("Motion").[1]  The

_____

[1]  Sullivan was charged and pled guilty in two separate cases, Cr. No. 17-00104 JMS and Cr. No. 21-00096 JMS.  The Motion was filed in both cases, and the United States filed a response on June 25, 2026.  ECF No. 1771.  Unless otherwise stated, all docket references in this Order are to Cr. No. 17-00104 JMS.

Motion is in two parts:  First, it seeks this court's recusal from Sullivan's case, and second, it seeks a sentence reduction.  For the reasons set forth below, both requests are without merit and DENIED.

## II.  <u>DISCUSSION</u>

This case has a long history, now spanning over 1700 entries in the court's electronic filing system in Cr. No. 17-00014 JMS.  This Order does not attempt to cover this history, but instead limits its discussion as necessary to rule on the pending Motion.  In doing so, the court first addresses the request for recusal, and then turns to the request for reduction in sentence.

### A.    Motion for Recusal

Sullivan argues that this court should be disqualified based on its previous rulings.  Specifically, she claims:

> The court will never believe under the § 3553(a) factors and parsimony clause and never grant Defendant a reduction of sentence as the Court continues to analyze the § 3553(a) factors as frozen in time of sentencing on March 28, 2023 and does not consider the significant mitigation since the original sentencing, and continues to commit error.

ECF No. 1766 at PageID.23945.

The applicable standards for disqualification of a federal judge are found in 28 U.S.C. §§ 144 and 455.  As provided in § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Here, Sullivan submitted no affidavit, let alone a timely and sufficient one.  Thus, even liberally construed, Sullivan's motion to recuse is not brought under § 144, but instead is brought under § 455.

> Section 455 provides in part:[2]

> (a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b)  He shall also disqualify himself in the following circumstances:

>> (1)  Where he has a personal bias or prejudice concerning a party[.]

---

[2]  A § 455 motion must be decided by the judge whose impartiality is being questioned.  *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).  "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge."  *Id*. (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985)).  Thus, this court will rule on the request for recusal.

"Under both . . . statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotation marks, and alterations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016). "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer . . . who understand[s] all the relevant facts and has examined the record and law." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (internal citations and quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the

judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, there is no basis for this court to disqualify itself. Sullivan's entire grounds for disqualification relate to this court's prior rulings. *See* ECF No. 1766 at PageID.23945–23946. But as set forth above, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (internal citation omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). And a judge's opinions, formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

In short, Sullivan's disagreement with this court's rulings is not a valid ground for a motion to recuse.

**B.    Motion to Reduce Sentence**

Sullivan's Motion requests that the court reduce her sentence for a variety of reasons, none of which has any merit.[3]

First, Sullivan asks the court to consider *proposed* Sentencing Guideline amendments that are not yet effective.  *See* ECF No. 1766-6 (attaching to the Motion Amendments to the Sentencing Guidelines submitted to Congress with a potential effective date of November 1, 2026).  This the court will not do. *See* 18 U.S.C. § 3582(c)(2) (requiring, in part, that a sentencing range be lowered before a court can reduce a sentence); *see also United States v. Sipai*, 623 F.3d 908, 910 (9th Cir. 2010) (stating in part that before a court can consider a reduction of sentence under § 3582(c)(2), the sentencing range must be reduced by the Sentencing Commission); *United States v. Javonillo*, 2023 WL 5507849, at *2 (D. Haw. Aug. 25, 2023); *United States v. Valenzuela*, 2023 WL 4975770, at *4 (D. Idaho Aug. 3, 2023).[4]

---

[3]  As stated by the United States in its Opposition, Sullivan's Motion "is muddled as to what legal authority she is referring to and relying on."  ECF No. 1771 at PageID.24215.  For example, Sullivan repeatedly refers to Guideline Amendment 82, although that amendment was effective November 1, 1989, and has no applicability to Sullivan's case.  *See* United States Sentencing Commission, *Guidelines Manual* Appendix C, 41–42 (1989).

[4]  Further, it appears that the Sentencing Commission has decided not to make these proposed amendments retroactive.  *See* Proposed Priorities for Amendment Cycle, 91 Fed. Reg. 35802-01 (June 12, 2026).

Second, Sullivan raises issues previously addressed—and rejected—by the court. For example, she argues that under Guideline Amendment 821 her criminal history category should be reduced because she received "status points" at her original sentencing that are no longer applicable. ECF No. 1766 at PageID.23947. The court denied a previous motion seeking the exact same relief, ECF No. 1658, and the denial was affirmed by the Ninth Circuit. *See United States v. Sullivan*, 2025 WL 2092841 (9th Cir. July 25, 2025).

Third, Sullivan seeks a reduction based on alleged errors at the original sentencing. For example, she argues that she should not have received a sophisticated-means adjustment. This argument, however, is barred absent some statutory framework (such as § 3582(c)(2)) that would permit the court to reduce a sentence. See *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011) (stating that a district court lacks inherent authority to reduce a sentence).

Sullivan also seeks a reduction in her restitution order. "A sentence that imposes an order of restitution is a final judgment," even though it can be corrected or amended in certain limited circumstances. 18 U.S.C. § 3664(o); *see also United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017). Here, there is no authority for the court to reduce Sullivan's restitution obligation.[5]

---

[5] This same issue was previously rejected by the court, *see* ECF No. 1641:

(continued . . . )

7

Finally, Sullivan claims that the aggravated identity theft claim

charged in Cr. No. 21-00096 JMS is barred by the statute of limitations, and that

this is a "jurisdictional defect."  ECF No. 1766 at PageID.23949.  There is no legal

basis for the court to review this as a stand-alone claim.  Further, the court rejected

this very argument raised in Sullivan's § 2255 Motion:

> Sullivan also argues that the 18 U.S.C. § 1028A(a)(1)
> aggravated identity theft charge violated the statute of
> limitations, which she refers to as a jurisdictional
> requirement that cannot be waived.  ECF No. 269 at
> PageID.4780–4781.  Contrary to this assertion, a defense
> based on the statute of limitations is not jurisdictional and
> may be waived.  *See United States v. Akmakjian*, 647
> F.2d 12, 14 (9th Cir. 1981); *see also United States v.
> Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (stating that
> a defendant's claims that a conviction is barred by the
> statute of limitations "is foreclosed by his plea").  Here,

---

Defendant Leihinahina Sullivan has filed two motions: (1) "Motion for Leave to Reduce Restitution to $0 from $3,300,960.00," ECF No. 1640 [in Cr. No. 17-00104 JMS; ECF No. 254 in Cr. No. 21-00096 JMS]; and (2) "Motion to Reduce Restitution From $3,395,985.15 to $0 as I am Destitude (sic)," ECF No. 1639 [in Cr. No. 17-00104 JMS; ECF No. 253 in Cr. No. 21-00096 JMS].

Both motions are denied. Defendant's restitution order is governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664.  Under the MVRA, an order imposing restitution constitutes a final judgment, § 3664(o), and Defendant has not provided the court with any authority that would permit it to change the restitution amount set forth in the final judgment. Further, even if the court had such authority, under § 3664(f)(1)(A) imposition of restitution is mandatory "without consideration of the economic circumstances of the defendant."  *See also United States v. Hankins*, 858 F.3d 1273, 1276 (9th Cir. 2017) ("When ordering restitution, the court must assign to each victim 'the full amount of each victim's losses' without regard to the defendant's economic situation.").

> Sullivan knowingly and voluntarily waived any statute of limitation defense in her plea agreement. ECF No. 1203 at PageID.12421 (stating, in the plea agreement, that Sullivan "waives any statute of limitation defense to the offense charged in the Information.").

ECF No. 1688 at PageID.22134 n. 29.

## III.  CONCLUSION

Based on the foregoing, Sullivan's Motion (ECF No. 1766 in Cr. No. 17-00104 JMS and ECF No. 352 in Cr. No. 21-00096 JMS) is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 15, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge